284 So.2d 405 (1973)
Archie L. KENNINGTON and Nationwide Mutual Insurance Company, Petitioners,
v.
Leah Robbins GILLMAN and Ezra Paul Gillman, Respondents.
No. T-85.
District Court of Appeal of Florida, First District.
October 30, 1973.
*406 John N. Boggs, of Barron, Redding, Boggs & Hughes, Panama City, for petitioners.
Jim J. Austin, of Urquhart & Chapman, Panama City, for respondents.
RAWLS, Chief Judge.
By petition for a writ of common law certiorari, petitioners aver that the Circuit Court, sitting as an appellate court in reviewing a direct appeal from the Small Claims Court in and for Bay County, Florida, departed from the essential requirements of law. The thrust of petitioners' argument is that such departure was occasioned by the Small Claims Court refusing to accept into evidence the cost estimate for repairing a damaged motor vehicle.[1]
The extraordinary writ of certiorari is highly discretionary on the part of a Superior Court.[2] It cannot be used as a substitute for an appeal or to give a party a second appeal. Evidentiary questions are to be resolved by the trial court and its action was properly reviewable on direct appeal by the appellate court. The correctness of the appellate court's decision is not reviewable in an attempted second appeal by a superior court in the name of certiorari. It is only when a judgment has been rendered in the absence of any competent evidence to support the judgment or material fundamental errors in applying the law that such a departure from the essential requirement of law will arise to justify a superior court to exercise its ancient power to issue the common law writ of certiorari.[3] An examination of the record in this cause discloses ample competent substantial evidence to support the judgment rendered.
Petitioner having failed to demonstrate that the error on the part of the appellate court, if there was error, was of such a material, fundamental nature to justify the issuance of the writ, it is the judgment of this Court that certiorari be denied.
JOHNSON, J., and HOWELL, Associate Judge, concur.
NOTES
[1] The issue in the trial court concerned the amount of property damage to which plaintiff was entitled to recover. Plaintiff insisted that the market value of the damaged chattel before and after the accident was the proper test; defendant insists that their proffer of the cost of repair of the subject chattel should have been considered by the trial court.
[2] 5 Fla.Jur. Certiorari § 5 (1960); and 1 Crandall, Florida Common Law Practice § 472 (1928).
[3] Cohen v. State, 99 So.2d 563 (Fla. 1957); and Newman v. State, 174 So.2d 479 (2 Fla. App. 1965).