295 So.2d 370 (1974)
MARINE OFFICE-APPLETON & COX CORPORATION, Appellant,
v.
AQUA DYNAMICS, INC., a Dissolved Florida Corporation, et al., Appellees.
No. 73-1409.
District Court of Appeal of Florida, Third District.
May 28, 1974.
Smathers & Thompson and Shepherd D. Johnston, Miami, for appellant.
Hugh F. DuVal, Jr., Ocala, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant appeals an adverse final judgment entered in favor of defendant-appellee in an action to recover damages for negligent bailment.
Rockmatt Corporation, the owner of the yacht "Mala Femina", entered into a written contract of bailment whereby the defendant-appellee, Aqua Dynamics, Inc., agreed to store and sell the above vessel. The contract further provided that Aqua Dynamics be liable for loss or damage by fire, theft or any damage to the boat if caused by Aqua's negligence. The bailment contract provided the boat was to be sold by the defendant for Rockmatt without a brokerage fee because Mr. Moschetta, the full owner of the defendant corporation, was a one-third owner of Rockmatt Corporation. The Mala Femina was delivered *371 to Aqua Dynamics and stored, but subsequently disappeared and never was redelivered to Rockmatt. The vessel was insured by plaintiff-appellant, Marine Office-Appleton & Cox Corporation (MOAC), which paid Rockmatt's claim for the total loss thereof. Thereupon, Rockmatt executed a subrogation receipt in favor of MOAC which thereafter filed the instant action to recover damages for negligent bailment. The cause was tried nonjury, at the conclusion of which the trial judge entered judgment in favor of the defendant Aqua Dynamics, Inc. Plaintiff appeals therefrom.
Appellant alleges error on the part of the trial court in entering final judgment for defendant, where, after plaintiff established a prima facie case of bailment, the defendant failed to carry its burden of proving that its failure to return the boat was not the result of its negligence. We find this point well taken.
It has come to be well recognized that a bailee who has the sole, actual, and exclusive physical possession of the goods is presumed to be negligent if he cannot explain the loss or disappearance of the goods, and the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment. This rule applies not only to bailments for mutual benefit, but to gratuitous bailments. 8 Am.Jur.2d, Bailments § 307 (1963).
In the case sub judice, the plaintiff-appellant proved the bailment and the failure to redeliver the yacht to Rockmatt Corporation. In so doing, the duty then devolved upon the defendant bailee to go forward with the evidence and to affirmatively show that it exercised some care, the degree thereof to be determined by the facts relating to the bailment. See Armored Car Service, Inc. v. First National Bank of Miami, Fla.App. 1959, 114 So.2d 431 at 435. In other words, the bailee in order to avoid the inference that he breached the required degree of care, must go forward with sufficient evidence to persuade that the non-existence of the fact that there was a breach of duty of care, which would otherwise be inferred, is as probable as its existence. See Adelman v. M & S Welding Shop, Inc., Fla.App. 1958, 105 So.2d 802 at 804.
The record in the instant case reflects that the total evidence presented on behalf of Aqua Dynamics was the testimony of Mr. Moschetta that he had seen the Mala Femina (which was 28 feet long and 10 feet wide) on a trailer chained to the outside of the chain link fence of Aqua Dynamics premises fronting Biscayne Boulevard a week to ten days prior to the alleged disappearance or theft thereof. In addition, Moschetta further admitted that the vessel could have been sold or removed from the premises by other employees of Aqua Dynamics without his permission. On the other hand, the evidence on behalf of the plaintiff went beyond the mere showing of the bailment and the failure to return the alleged bailed article. There was testimony presented that security measures at Aqua Dynamics were inadequate and several boats and engines chained to the outside of the fence had been stolen prior to the alleged theft of the subject vessel.
Applying the foregoing principles of law to the facts cited hereinabove, we conclude that the appellee bailee failed to go forward with the evidence and affirmatively show that he exercised the requisite degree of care under the circumstances and, therefore, the judgment herein appealed is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff bailor.
Reversed and remanded.