McCORD, Judge.
This is a petition for review of administrative action under Chapter 120, Florida Statutes (filed as a petition for writ of certiorari). The order for which review is sought was issued by Public Employees Relations Commission (hereinafter referred to as PERC or the Commission) rescinding a previous order which granted a joint inter-venor status to petitioners, the Laborers International Union of North America, Local 666, Local 1306, and Local 1240, in a proceeding before PERC in which Florida State Employees Council No. 79, AFSCME, AFL-CIO (hereinafter referred to as AFSCME) sought the conduct of an election within a unit of state employees pursuant to § 447.307(2), Florida Statutes. The aforesaid order is a reviewable final order under § 120.68(1), Florida Statutes, since it finally adjudicates petitioners’ rights in the proceeding. Shute v. Keystone State Bank, 159 So.2d 106 (1 DCA Fla.1964); Schneider v. Manheimer, 170 So.2d 75 (3 DCA Fla.1965). The controversy is a dispute between two unions over whether or not one of them (the petitioners) will be allowed to participate in an election to determine representation of a unit of state employees.
This proceeding began when on August 13, 1975, AFSCME filed a petition with PERC seeking the conduct of the above mentioned election. The unit of state government involved is a unit within the Department of Health and Rehabilitative Services.
On September 13, 1975, the petitioners filed with PERC a motion to intervene as joint intervenors in the representation proceeding generated by AFSCME’s petition and by order of October 13, 1975, the motion was granted by the Commission’s Chairman. While Part II of Chapter 447, Florida Statutes, (the statute which deals with collective bargaining by public employees) is silent in relation to intervention in a proceeding before PERC, § 120.52(10), Florida Statutes, (the Administrative Procedure Act) includes in the definition of the term “party” in an administrative proceeding the following provision which is applicable here:
“(b) Any other person who, as a matter of constitutional right, provision of statute, or provision of agency regulation, is entitled to participate in whole or in part in the proceeding, or whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party.” (Emphasis supplied)
Implementing the foregoing statute, PERC’s Rule 8H — 1.06 defines the term “party” in pertinent part as follows:
*452 “The term ‘Party’, as used herein, shall mean . . . ; or any other person, . organization, . . . with a substantial interest in the proceedings, whose intervention for participation in a proceeding has been permitted or directed by the Commission, General Counsel, or a Hearing Officer.”
While the foregoing rule does not include the Commission’s Chairman among those who may permit intervention, the Commission’s Rule 8H-3.05, to which we will hereinafter refer, sets forth circumstances under which the Chairman will authorize intervention.
On October 14, 1975, AFSCME filed a memorandum in opposition to petitioners’ intervention contending that Local 666 of petitioners was not in compliance with § 447.305(2), Florida Statutes, and Commission Rule 8H-6.02 in that said Local had not filed an annual financial report and therefore was not a properly registered employee organization entitled to intervene in the proceeding. While neither the foregoing statute nor the foregoing rule relates directly to intervention, the statute requires the filing of an annual financial report by an employee organization prior to requesting recognition by a public employer for purposes of collective bargaining or prior to submitting a petition to the Commission for purposes of requesting a representation election. Rule 8H-6.02 sets forth the content of the annual report and requires that it be filed within ninety days after the end of its fiscal year.
Rule 8H-3.05, to which we have previously referred, deals with intervention in a certification proceeding (such as this), and it provides as follows:
“Once a Petition for Certification has been filed by a party, any registered employee organization not named in the initial Petition may intervene in the proceeding by filing a motion to intervene accompanied by proof of at least a ten percent (10%) showing of interest among the employees in the proposed unit supporting its certification. The certified or recognized bargaining agent of the employees in the proposed unit is not required to provide proof of at least a ten percent (10%) showing of interest among employees in the proposed unit to intervene in said proceedings. If a request to intervene is filed more than fifteen (15) working days after the date of the submission of the initial Petition for Certification, the consent of the Chairman will be required. The original and four (4) copies of the Petition and Motion to Intervene must be filed with the Chairman.” (Emphasis supplied)
Petitioners filed their request for intervention more than 15 days after submission of AFSCME’s petition for certification, and thus, the emphasized portion of the above rule became applicable.
After having permitted petitioners’ intervention as aforesaid, PERC’s Chairman, acting upon-AFSCME’s memorandum in opposition to petitioners’ intervention, issued another order on November 4, 1975, rescinding his previous order of October 13, 1975, which had granted intervenor status to petitioners. It appears that petitioners, at the time of their intervention on October 13, had the necessary 10% showing of interest among the employees in the unit proposed by AFSCME as required by the above intervention rule, but they had not filed a financial report.
Following this order excluding them as intervenors, petitioners filed a motion asking that PERC waive the financial report requirement since petitioners’ failure to file the report was due to a circumstance beyond their control; that the financial records of Local 666 were in the custody of the federal grand jury in Miami, Florida, operating under the United States District Court and were, therefore, not available to it for preparation of such report.
Prior to their ejection from the proceeding, petitioners had participated in informal negotiations involving PERC, AFSCME, and the State of Florida undertaken for the purpose of attempting to agree upon an appropriate bargaining unit. After their exclusion from the proceeding, petitioners could not longer participate, and AFSCME *453 and the State of Florida, on January 22, 1976, reached and executed a consent election agreement which was approved by PERC’s Chairman on February 16, 1976. The consent election agreement set forth, among other things, the mechanics governing the election process and described a bargaining unit which AFSCME and the State consensually determined to be appropriate. Such unit embodied a considerably larger number of state employees than the unit initially described in the AFSCME petition.
Following their ejection from the proceedings, petitioners, by letter dated January 19, 1976, requested the Commission’s Chairman to reconsider and reverse the order rescinding their intervenor status. The Chairman determined to treat petitioners’ letter as an appeal to the Commission and placed the matter upon the Commission’s agenda for full consideration at its meeting to be held on March 4,1976. In the meantime, petitioners had moved the Commission to enter an order staying approval of the election agreement executed between AFSCME and the State, and on February 13,1976, the Commission’s Chairman denied that motion.
At its March 4, 1976, meeting the Commission denied the petitioners’ request to intervene, voting two against and one for intervention. Petitioners were at that time. in compliance with the financial report requirement of Rule 8H-6.02, supra, but they did not then have the 10% showing of interest among employees in the proposed unit because of the enlargement of the unit by the consent election agreement agreed to in the absence of petitioners’ participation.
Petitioners then filed with this Court their petition for review of PERC’s order of March 4, 1976, and also filed therewith an application to stay all proceedings associated with this controversy, including the election which had been scheduled to be held in the period April 5 through April 15, 1976. This court, on April 1, 1976, granted the application for stay and entered its order staying the election and the proceedings. Subsequently, this court entered an order directing petitioners to post a $10,000 bond and such bond was posted.
As above pointed out, the Commission has by rule empowered its Chairman to allow interventions in its proceedings. • (The Commission’s power to delegate this authority to its Chairman has not been brought into question in this proceeding, and we, therefore, do not rule upon it.) Here the Chairman gave his consent to petitioners’ intervention and they thus became a party to the proceedings. The Chairman subsequently revoked his approval but referred the question to the full Commission. While we recognize that an administrative agency is given a wide latitude in the administration of laws entrusted to it, under the totality of the factual circumstances of this case as above related, we consider that the summary revocation of petitioners’ intervenor status by the Chairman and the concurrence therein by the Commission was an abuse of discretion. Petitioners, at the time of the Commission’s meeting where it considered petitioners’ intervention, were in compliance with the financial statement requirement and good cause was shown for their previous failure to file same. In addition, petitioners had not been afforded an adequate opportunity to meet the deficiency in the 10% interest qualification resulting from the escalation in size of the proposed unit subsequent to their exclusion as parties. Under the circumstances with which petitioners were faced at the time of the Chairman’s order summarily excluding them as a party, they should have been given a reasonable time to comply with the financial statement requirement. They should now be given a reasonable time to comply with the 10% showing of interest requirement.
PERC’s order of March 4, 1976, is reversed with directions that petitioners be allowed a reasonable time within which to qualify as aforesaid for intervenor status; that if petitioners qualify, they be allowed to participate as an employee organization in the election and participate otherwise as a full party to the proceedings; that if petitioners fail to qualify, they shall be *454 denied intervenor status and the proceedings will then continue without their participation. Upon this opinion and judgment becoming final, this Court’s previous order staying the proceedings below is vacated and the sureties on petitioners’ bond are discharged.
BOYER, C. J., and MILLS, J., concur.