347 So.2d 839 (1977)
CLERMONT MARINE SALES, INC., Petitioner,
v.
Binion Gaines HARMON, Respondent.
No. 77-50.
District Court of Appeal of Florida, Second District.
July 8, 1977.
*840 Wallace W. Tudhope of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Orlando, for petitioner.
Leonard H. Baird, Jr., of Hovis & Baird, Clermont, for respondent.
McNULTY, Judge.
Defendant/petitioner seeks our gracious writ of common law certiorari to review an order of the circuit court, acting in its appellate capacity, which affirmed an order of the county court granting partial summary judgment on liability in favor of plaintiff/respondent. We grant the writ.
Plaintiff/respondent filed a complaint in county court seeking damages for the loss of his boat delivered to petitioner for repairs. The complaint alleged the existence of a bailment contract, the breach thereof by petitioner and consequent damages. Petitioner answered admitting the delivery of the boat and the bailment relationship but denying any negligence. Petitioner further answered alleging that the boat was stolen by unknown third parties.
Plaintiff/respondent filed a motion for summary judgment attaching an affidavit in which he alleged that when he was making inquiry of petitioner as to the whereabouts of his boat that petitioner had informed him the boat had been stolen from the front parking area of petitioner's premises and "that the chain had been cut." Petitioner filed no affidavits nor other admissible evidence in rebuttal. The motion was granted and was affirmed by the order under review in this proceeding.
We must, of course, before issuing a writ of common law certiorari, find a departure by the circuit court from the essential requirements of law and resultant irrevocable prejudice to petitioner. Ordinarily, for this test to be met when reviewing an order of a circuit court acting in its appellate capacity, we think legal error on the part of the lower [county] court must first be demonstrated and that such error *841 must be of such magnitude that the aggrieved party has effectively been denied his day in court. Following a demonstration of such error, a failure by the circuit court in its appellate capacity to recognize such error or, though recognizing it a failure properly to remedy it, constitutes "the departure from the essential requirements of law" of which we speak within the context of common law certiorari.[1] Viewed in this light, our granting of the writ does not grant a "second appeal."[2]
Here, both the county court and the circuit court correctly recognized that in a bailment action, given delivery of the bailed chattel and a failure to return it in accordance with the terms of the bailment agreement, a presumption of negligence on the part of the bailee arises unless he satisfactorily explains such failure or the loss, damage or disappearance of the chattel. The law imposes on the bailee the burden of showing that he exercised the degree of care required by the nature of the bailment.[3]
Additionally, each of the courts below recognized that a movant for a summary judgment must conclusively demonstrate the nonexistence of a genuine issue of material fact. But the county court erred in concluding that there was such a demonstration; and the circuit court erred in agreeing to this and in expressly relying on Ferrell Jewelers v. Southern Mill Creek Products Company, Inc.[4], holding that defendant/petitioner failed to come forth with some evidence which would raise doubts as to the validity of the aforesaid presumption of negligence on the part of the bailee. True it is that Ferrell Jewelers held that a bailor (as movant for summary judgment) is entitled to a summary judgment upon a prima facie showing of entitlement to the benefit of that presumption if the bailee fails to present some evidence in contravention thereof sufficient to "raise doubts as to the validity of the inference" of his negligence.[5] But the existence of a genuine issue of material fact may also appear from the movant's own evidence, in which case the movant obviously has not demonstrated the nonexistence of such issue; and Ferrell Jewelers doesn't deal with this point at all.
Clearly, here, plaintiff/respondent's own supporting affidavit indicates that the petitioner had chained the boat to some immovable object, necessitating a cutting of the chain before the boat could be taken. Thus, some care was shown to have been exercised by petitioner. The question of whether it was "due care" sufficient to negate negligence was a jury question and summary judgment ought to have been denied.
The net result of oversight of such error of each of the two courts below, critically the oversight by the circuit court in the present posture of the case, was effectively to deny petitioner of its day in court. Such oversight thus constituted the departure from the essential requirements of law necessary for common law certiorari, and the irrevocability of prejudice in the premises is obvious.
In view whereof, we issue our gracious writ of common law certiorari and quash the order and mandate of the circuit court. The cause is remanded with directions that the order of the county court granting partial summary judgment on the issue of liability be reversed and the cause be remanded to the trial court for further proceedings not inconsistent herewith.
HOBSON, A.C.J., and SCHEB, J., concur.
NOTES
[1] Cf. Goodkind v. Wolkowsky, 151 Fla. 62, 9 So.2d 553 (1942).
[2] Cf. Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973).
[3] See, e.g., Marine Office-Appleton & Cox Corporation v. Aqua Dynamics, Inc., 295 So.2d 370 (Fla. 3d DCA 1974); see also Adelman v. M & S Welding Shop, 105 So.2d 802 (Fla. 3d DCA 1958).
[4] 205 So.2d 657 (Fla. 1967).
[5] Id. at p. 658.