ROBERT P. SMITH, Jr., J.,
specially concurring:
I concurred in the court’s decision to vacate PERC’s order certifying Laborer’s International Union of North America, Local No. 666, as bargaining agent for these hospital employees, because the union tainted *567 the election process with its proposal to distribute “about five thousand dollars per employee” to be collected through the suit filed in federal court on the eve of the election. The filing of the lawsuit alone would not in my opinion have justified the action we have taken, but the tantalizing verbal offers to distribute the anticipated wealth required that we rescind the election. Ante, 392 So.2d at 565, fns. 12, 13.
I did not file a separate opinion stating this view, and expressing my disagreement with the other major points of Judge Booth’s dispositive opinion, because that seemed to me at the time to be pointless debate over issues of interest only in this case, which would not change the result in which I concur. In most respects I continue in that view: my differences with the majority are concerned mainly with interpretations of the record and the extent to which I would defer to PERC’s reading of it.
It appears now that, in one respect at least, it is desirable that I record the reasons for my disagreement with the court’s original opinion. Local 666’s petition for rehearing now suggests that its status as bargaining agent for other public employees — a status either previously settled by PERC or by this court, or not called in question before now — is already being challenged in proceedings before PERC as a result of part I of the decision, holding that for Local 666’s failure to file its 1974 financial statement by April 1, 1975,
PERC should have dismissed the Union’s petition for certification without prejudice to refile at such time as the requirements of the statutes and rules [concerning filing of annual financial reports] were complied with.
Because of the collateral effect that may be contended for this decision, I wish to express my opinion that it is incorrect and in conflict with the decision of this court in Laborers International Union of North America, Local 666, v. PERC, 336 So.2d 450 (Fla. 1st DCA 1976), which held PERC in error for doing precisely what this panel majority hold PERC erred in not doing. In both cases the union failed to file its current annual financial report within 90 days after the end of its fiscal year, as required by statute and rule. In the case before us now, PERC found the union had good cause for missing the deadline, gave the union more time to file, and postponed the election and further proceedings on the representation petition until the union filed its statement; In the earlier case, under comparable circumstances, PERC ousted the union from the representation proceedings, which was tantamount to the dismissal decreed by the majority in this case. This court then held that action by PERC was error:
Under the circumstances with which petitioners [the union] were faced at the time of the Chairman’s order summarily excluding them as a party, they should have been given a reasonable time to comply with the financial statement requirement.
Thus in the earlier case we ordered that PERC should have given the union additional time to comply with the filing requirement, and should have temporarily stayed proceedings pending that event; and in this case we have ordered that PERC “should have dismissed the Union’s petition for certification . ..,” and that for PERC’s error a new election must be held, though the union did file its financial report well in advance of the election which was held.
The conflict betwen the two decisions is made clearer, if that is possible, by realization that the two cases involved the same union, this Local 666 of Laborer’s International Union of North America; the very same financial report for fiscal year 1974, which was due to be filed by April 1, 1975, and was filed in these proceedings on February 24, 1976, and in the proceedings of the earlier case before March 4, 1976; and the very same reason for not timely filing, namely, that
the finanicial records of Local 666 were in the custody of the federal grand jury in Miami, Florida, operating under the United States District Court and were, therefore, not available to it for preparation of such report. [336 So.2d at 452.]
*568 Concerning this the court held that “good cause was shown for their previous failure to file.” 336 So.2d at 453.
The present case is not to be distinguished from the court’s earlier decision regarding Local 666 by the intimations in the majority opinion that Local 666 was improperly registered, or was in default in the filing of financial reports, before April 1, 1975, when the fiscal 1974 report was due. There is nothing in the record regarding the union’s 1973 financial report, which was the current report at the time of its registration; there was no challenge to the registration of Local 666 on grounds pertaining to the 1973 report; and the only issue presented to PERC and to this court concerning financial reports was the issue decided by this court earlier in Laborers Interational Union of North America v. PERC, 336 So.2d 450 (Fla.App. 1st DCA 1976).
Having now recorded the basis of my concurrence in the result of the majority’s original opinion and my disagreement with part I of that opinion, I concur in the order striking the news clippings and other exhibits from the petition for rehearing and in the denial of rehearing.