GRIMES, Judge,
dissenting.
The circuit court did not hold that the results of a blood alcohol test were essential to a conviction for driving while under the influence of alcoholic beverages. The basis upon which the circuit court reversed was that in the absence of blood alcohol testimony when the respondent proved that he had suffered a blow on the head and testified that this, rather than the alcohol he had imbibed earlier in the day, caused him to appear intoxicated and furnished medical evidence in support of this theory, the state had failed to prove its case beyond a reasonable doubt. There is support for this position.
The testimony of how the accident happened and how the respondent acted at the scene was direct evidence of those facts. Yet, in order to prove the state’s case it was necessary to infer from those facts that respondent was driving under the influence of intoxicating beverages. Thus, the state was relying solely upon circumstantial evidence. McCormick on Evidence § 185 (2d ed. 1972). In the absence of anything further, this evidence would have been clearly sufficient to convict respondent of the charge against him. However, when respondent testified that he acted the way he did because he struck his head on the windshield and a doctor testified that this could cause him to appear intoxicated, the situation was changed. Where the state’s proof is entirely circumstantial, even if the evidence strongly suggests guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. McArthur v. State, 351 So.2d 972 (Fla.1977). In applying this standard, the version of events related by the defense must be believed if the circumstances do not show this version to be false. McArthur v. State; Mayo v. State, 71 So.2d 899 (Fla.1954). Can it be said that respondent’s justification for acting strange at the scene of the accident is inconsistent with any reasonable hypothesis of innocence?
I can also make an argument for the proposition that the county judge concluded that the respondent’s version of events was so dubious as to be unbelievable and that therefore the circuit court improperly reweighed the evidence. The point is, however, that the decision which faced the circuit court was a close one. Therefore, I must dissent because I believe this court is applying the wrong standard of review for granting certiorari.
In discussing the nature of certiorari review of a decision made by a lower court sitting in its appellate capacity, our sister court in Kennington v. Gillman, 284 So.2d 405 (Fla. 1st DCA 1973), stated:
The extraordinary writ of certiorari is highly discretionary on the part of a Superior Court. It cannot be used as a substitute for an appeal or to give a party a second appeal. Evidentiary questions are to be resolved by the trial court and its action was properly reviewable on direct appeal by the appellate court. The correctness of the appellate court’s decision is not reviewable in an attempted second appeal by a superior court in the name of certiorari. It is only when a judgment has been rendered in the absence of any competent evidence to support the judgment or material fundamental errors in applying the law that such a departure from the essential requirement of law will arise to justify a superior court to exercise its ancient power to issue the common law writ of certiorari.
284 So.2d at 406.
Several years later, the same court elaborated on this subject in Grandin Lake Shores Association, Inc. v. Underwood, 351 So.2d 1131 (Fla. 1st DCA 1977), when it said:
It is apparent from the foregoing authorities that a District Court of Appeal may not, on certiorari sought to a Circuit *19 Court in the exercise of its appellate jurisdiction, re-evaluate or weigh the evidence. Indeed, the mere fact that a Circuit Court in its appellate capacity errs (should such be the fact) does not necessarily mean that it has either exceeded its jurisdiction or departed from the essential requirements of law.
351 So.2d at 1132.
Our court has also addressed itself to the appropriate standard of review under these circumstances. In Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977), we said:
We must, of course, before issuing a writ of common law certiorari, find a departure by the circuit court from the essential requirements of law and resultant irrevocable prejudice to petitioner. Ordinarily, for this test to be met when reviewing an order of a circuit court acting in its appellate capacity, we think legal error on the part of the lower [county] court must first be demonstrated and that such error must be of such magnitude that the aggrieved party has effectively been denied his day in court.
347 So.2d at 840-41. See also Robinson v. State, 310 So.2d 27 (Fla. 2d DCA 1975).
In essence, it seems to be a question of degree. To grant certiorari, the error committed by the court below in its appellate capacity must have been so egregious as to be equivalent to the denial of fundamental rights. In this case, the fact that I am uncertain over how I would have ruled had I been the circuit judge convinces me that the decision, if it was error at all, was not such as to constitute a departure from the essential requirements of law.
I would deny the petition for certiorari.