446 So.2d 1160 (1984)
CITY OF CLEARWATER, Jack Bryant and Bill Burchfield, Appellants,
v.
Eugene B. THOMAS, Appellee.
No. 83-1994.
District Court of Appeal of Florida, Second District.
March 14, 1984.
*1161 Richard Griesinger, Asst. City Atty., Clearwater, for appellants.
Elizabeth Anne Goodale, Largo, for appellee.
SCHOONOVER, Judge.
Appellants, City of Clearwater (City) and its agents, Jack Bryant and Bill Burchfield, have filed this interlocutory appeal from an order granting appellee, Eugene B. Thomas, a partial summary judgment. We reverse.
Appellant Bryant, a Clearwater police officer, towed appellee's homemade boat from its mooring place to the Clearwater Marina where it was impounded. When appellee discovered that his boat was missing, he went to the marina and demanded its return. While the parties were disputing over the amount of impoundment and storage fees claimed by the City, the boat disappeared. The record indicates that the marina was guarded by city personnel between the hours of 6:00 a.m. and 9:00 p.m. and by private security personnel between 9:00 p.m. and 5:30 a.m. The boat was stolen between 5:30 a.m. and 6:00 a.m. on March 13, 1980.
After the boat's disappearance, appellee filed a two-count complaint in the trial court. The first count sought damages for wrongful taking without due process of law, and the second count sought damages for negligence.
The trial court granted a partial summary judgment on appellee's negligence count. The court found that the City was a gratuitous bailee of the boat and held that the City and its agents were negligent in failing to protect and return appellee's boat. This appeal timely followed.
A bailee is not an insurer of property entrusted to its keeping and is not liable for the loss of the bailed property except where there is a breach of duty of a requisite degree of care. Fruehauf Corp. v. Aetna Insurance Co., 336 So.2d 457 (Fla. 1st DCA 1976). Since appellants were gratuitous bailees, before a summary judgment could be properly entered, appellee had the burden of showing that appellants committed gross negligence as a matter of law. Armored Car Service, Inc. v. First National Bank, 114 So.2d 431 (Fla. 3d DCA 1959).
We recognize that, in a bailment for mutual benefit, the bailee's failure to return the bailed property in accordance with the terms of the bailment agreement, raises a presumption of negligence on the part of the bailee, unless he satisfactorily explains such failure. The law under such circumstances imposes on the bailee the burden of showing that he exercised the degree of care required by the nature of the bailment. Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977). This presumption of negligence has been extended to apply to gratuitous bailees. Marine Office-Appleton & Cox Corp. v. Aqua Dynamics, Inc., 295 So.2d 370 (Fla. 3d DCA 1974); see also, 8 Am.Jur.2d Bailments § 326 (1980). Furthermore, a bailor may be entitled to a summary judgment on a prima facie showing of entitlement to the presumption of negligence if the bailee fails to present evidence contradicting that presumption. Ferrell Jewelers v. Southern Mill Creek Products Co., 205 So.2d 657 (Fla. 1967). However, this presumption is a vanishing one. Insurance Company of Pennsylvania v. Estate of Guzman, 421 So.2d 597 (Fla. 4th DCA 1982).
*1162 In the case sub judice, we find that appellants did present some evidence rebutting said presumption. First, appellants explained the disappearance of the boat by presenting evidence of theft. Next, appellants established that the boat was properly tied to a slip in a well lighted and guarded area. Therefore, some degree of care was exercised by appellants. The question remaining as to whether it was due care sufficient to negate gross negligence was a question for the trier of fact, and accordingly, summary judgment should have been denied. Clermont Marine Sales, Inc.
We accordingly reverse and remand for proceedings consistent herewith.
GRIMES, A.C.J., and SCHEB, J., concur.