DANAHY, Judge.
The petitioner seeks certiorari review of an order entered by the circuit court in its appellate capacity, affirming a final judgment entered in the county court. For the reasons expressed below, we grant the writ.
The petitioner filed a claim in county court against the respondents. The following sequence of events then occurred:
1. On July 13, 1981, the county court entered a final judgment in favor of the respondents, denying any recovery to the petitioner.
2. The petitioner timely filed a notice of appeal to the circuit court.
3. When the respondents failed to file a brief in the circuit court within the time allowed them, the circuit court issued a notice that if a brief were not filed by the respondents by a certain date, the circuit court would, as a sanction, grant the relief requested by the appellant. The respondents claim that they never received a copy of that notice; in any event, they never filed a brief on the merits in that appellate proceeding.
4. On May 7, 1982, the circuit court entered an order imposing sanctions, in accordance with its prior notice, in the form of a reversal of the judgment of July 13, 1981. In that order the circuit court specifically said, “The relief sought by appellant is justified by the record. Accordingly, the judgment is reversed and this case is remanded with instructions to determine and issue a judgment for appellant on the theory of quantum meruit.”
5. On May 28, 1982, the county court entered a judgment for the petitioner in the amount of $1,500. It appears from the record that the respondents may not have been given an opportunity to participate in the evidentiary hearing before the county court preceding the entry of this judgment.
6. The respondents then filed a motion in the circuit court for leave to apply to the county court to vacate the judgment of May 28, 1982. The circuit court granted the request and the respondents did apply to the county court to vacate that judgment.
7. The county court vacated its judgment of May 28, 1982.
8. The petitioner then filed an appeal in the circuit court from the order vacating the judgment of May 28, 1982. Inexplicably, the circuit court then affirmed the original judgment of the county court in favor of the respondents entered on July 13, 1981. As a ground therefor, the circuit court recited that “the argument presented by appellant is not sufficient to overcome the presumption of correctness with which the findings of the lower court is [sic] clothed.”
No citation of authority is needed to support the proposition that an appellate court may not, having once reversed a final judgment of a lower court, sua sponte review that judgment again fourteen months later and affirm. To do so is a clear departure from the essential requirements of the law *538 and justifies issuing the writ of certiorari requested by the petitioner. Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977).
The only matter properly before the circuit court was the propriety of the action of the county court in vacating its judgment of May 28, 1982. Accordingly, we grant certiorari, quash the order under review, and remand to the circuit court for consideration of that issue. The petitioner is not precluded from seeking review of the circuit court’s appellate decision when rendered.
BOARDMAN, A.C.J., and SCHOON-OVER, J., concur.