547 So.2d 243 (1989)
AETNA CASUALTY AND SURETY COMPANY, Appellant,
v.
PAPPAGALLO RESTAURANT, INC., Appellee.
No. 89-49.
District Court of Appeal of Florida, Third District.
July 18, 1989.
Rehearing Denied September 5, 1989.
Hershoff, Levy & Swartz, P.A., and Jay M. Levy and Jeffrey D. Swartz, Miami, for appellant.
Morgan, Lewis & Bockius and David C. Goodwin and Sergio Alvarez-Mena, III, Miami, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Aetna Casualty and Surety Company appeals from a final judgment entered on a directed verdict in a subrogation action against Pappagallo Restaurant for negligent bailment. For the following reasons, we reverse.
In June, 1986, while dining at the Pappagallo Restaurant, Donald Nussbaum was told that his 1985 Mercedes Benz automobile had been stolen from the restaurant's parking lot. Nussbaum had left his car at the valet parking stand.
Aetna, Nussbaum's insurer, paid Nussbaum's insurance claim and filed suit as subrogee against Pappagallo for negligent bailment. Pappagallo answered and raised the affirmative defense that the loss of the car was caused by an intervening criminal act and not by the restaurant's negligence.
During the jury trial, in its case in chief, Aetna presented testimony that Nussbaum delivered his car to the valet attendant and that the attendant failed to return the car. During cross-examination of the restaurant owner, counsel for Pappagallo elicited testimony that the "lock-box" in which the keys to the parked cars were stored had been ripped open the night of the theft. The owner further testified on cross-examination that there had been no previous car thefts or break-ins on the premises. No witness could describe how the theft actually occurred.
At the close of Aetna's case, Pappagallo moved for a directed verdict on the ground *244 that Aetna had not met its burden of showing that Pappagallo had failed to use ordinary and reasonable care. Aetna responded to Pappagallo's motion by arguing that, when a bailee fails to return a bailed item, a presumption of negligence arises; the burden then shifts to the bailee to come forward with evidence that it was not negligent. The trial court found that, although a presumption of negligence had arisen, evidence of the theft, elicited during cross-examination of Aetna's witnesses during its case in chief, rebutted the presumption.
The trial court determined that, because Aetna had then failed to meet its burden of producing evidence of Pappagallo's negligence, Pappagallo was entitled to a directed verdict. On appeal, Aetna contends that the trial court erred in granting the directed verdict at the close of Aetna's case because, although evidence of the intervening act may have destroyed the "bursting bubble" presumption of Pappagallo's negligence, evidence of the theft created a jury question regarding Pappagallo's exercise of due care. We agree and reverse.
"[A] bailee who has the sole, actual, and exclusive physical possession of the goods is presumed to be negligent if he cannot explain the loss or disappearance of the goods, and the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment." Marine Office-Appleton & Cox Corp. v. Aqua Dynamics, Inc., 295 So.2d 370, 371 (Fla. 3d DCA 1974) (citation omitted).
Section 90.302, Florida Statutes (1987), provides that:
[E]very rebuttable presumption is either:
(1) A presumption affecting the burden of producing evidence and requiring the trier of fact to assume the existence of the presumed fact, unless credible evidence sufficient to sustain a finding of the nonexistence of the presumed fact is introduced, in which event, the existence or nonexistence of the presumed fact shall be determined from the evidence without regard to the presumption; or
(2) A presumption affecting the burden of proof that imposes upon the party against whom it operates the burden of proof concerning the nonexistence of the presumed fact.
Section 90.302(1) refers to "bursting bubble" or "vanishing" presumptions, whose function is "to compel the trier of fact to find the presumed fact if no credible evidence is introduced to disprove the presumed fact." C. Ehrhardt, Florida Evidence § 302.1 (2d Ed. 1984). "This type of presumption only affects the burden of producing evidence. Once the adverse party introduces credible evidence to disprove the presumed fact, the presumption is no longer effective and the case is decided without regard to it." Id. Once a presumption vanishes, "[t]he jury is never told of the presumption." Public Health Trust of Dade Co. v. Valcin, 507 So.2d 596, 600 (Fla. 1987).
However, even after a presumption vanishes, the underlying facts giving rise to the presumption may form the basis for a logical inference of the presumed fact. Id.
If the presumption bursts and disappears because the opposing party has introduced evidence to disprove the presumed fact, the jury is still able to draw a logical inference from those facts if the underlying facts are probative of the inferred fact. Whether an inference is drawn by the trier of fact is within its discretion.
C. Ehrhardt, supra.
The presumption of the bailee's negligence is a "vanishing" presumption. City of Clearwater v. Thomas, 446 So.2d 1160 (Fla. 2d DCA 1984); Insurance Co. of State of Pa. v. Estate of Guzman, 421 So.2d 597 (Fla. 4th DCA 1982). Therefore, although Pappagallo elicited testimony from Aetna's witnesses that a theft had occurred, whether the circumstances surrounding that theft evidenced ordinary care by Pappagallo remained an issue of fact for the factfinder. See ITT Consumer Servs. Corp. v. Travelers Indem. Co., 256 So.2d 74 (Fla. 3d DCA 1971) (evidence of intervening criminal activity and inferences to be drawn therefrom presented question of fact regarding due care), cert. denied, 263 So.2d 229 (Fla. 1972); See also Clermont *245 Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977) (where bailee showed that it exercised some care in securing boat, and presumption of negligence vanished, whether bailee exercised due care sufficient to negate negligence remained a jury question). In other words, although evidence of the theft may have destroyed the presumption that Pappagallo was negligent, "the existence or nonexistence of the presumed fact [the restaurant's negligence] shall be determined from the evidence without regard to the presumption." Section 90.302(1). Therefore, entry of a directed verdict was error as issues of fact remained to be tried. See Telesphere Int'l, Inc. v. Scollin, 489 So.2d 1152 (Fla. 3d DCA) (directed verdict improper where there is any evidence to support position of party moved against; resolution of conflicts in evidence is for the jury), rev. denied, 500 So.2d 546 (Fla. 1986).
Reversed and remanded for a new trial.