570 So.2d 1376 (1990)
VALUE RENT-A-CAR, INC., a Florida Corporation, Appellant,
v.
COLLECTION CHEVROLET, INC., a Florida Corporation, Appellee.
No. 90-1043.
District Court of Appeal of Florida, Third District.
December 11, 1990.
Keith T. Grumer, Miami, for appellant.
Caldwell, McNally & Carroll, and Thomas J. Caldwell, and James C. Blecke, Miami, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Value Rent-A-Car (Value), appeals a final judgment in favor of appellee, *1377 Collection Chevrolet, Inc. (Collection), on Value's action for negligent bailment. We affirm.
This is the second time this case has been before this court. The facts may be briefly stated. Value left its car in Collection's care for repairs. When Value returned to pick up the car, the car and its keys had disappeared. Collection reported the car's disappearance to the police. The police subsequently recovered the car, stripped and heavily damaged.
Value brought suit against Collection for negligence arising from the disappearance of its car. Collection denied having been negligent, and the trial court entered final summary judgment in favor of Collection. This court reversed and remanded the summary judgment, ruling that a genuine issue of material fact remained as to "the circumstances under which the car and its keys disappeared from Collection's lot." Value Rent-A-Car, Inc. v. Collection Chevrolet, Inc., 543 So.2d 803, 804 (Fla. 3d DCA 1989). On remand, Value amended its complaint to raise a claim of negligent bailment.
At trial, Value rested its negligent bailment case upon the stipulation of the parties that: (1) Value delivered the car to Collection; (2) Collection had exclusive possession and control of the car; and (3) Collection failed to return the car to Value. Collection presented testimony about the extensive security measures that existed at the area from where the car was taken. No witness for Collection was able to explain how the car and its keys were removed from Collection's lot.
At the conclusion of the trial, Value moved for directed verdict based on the general rule that a bailee who has sole, actual, and exclusive possession of the goods is presumed to be negligent if he cannot explain the loss or disappearance of the goods. The trial court denied Value's motion, finding that Collection had established due care in its storing of the car, that the evidentiary presumption of negligence had vanished, and that the burden of establishing Collection's negligence had shifted to Value.
The court subsequently submitted the question of Collection's negligence to the jury. The jury returned a verdict in favor of Collection. The trial court entered a final judgment in accordance with the jury verdict and this appeal followed.
Value contends the trial court erred in ruling that the presumption of Collection's negligence, as bailee of the car, vanished, where Collection was unable to explain the loss or disappearance of the car. Collection asserts that proof of its due care overcame the presumption of negligence. Collection further argues that theft of the car was the only logical explanation for its disappearance because the car had been recovered by the police, stripped and vandalized.
As Value correctly argues, and Collection agrees, the well-settled rule in bailment cases is that:
[A] bailee who has the sole, actual, and exclusive possession of goods is presumed to be negligent if he cannot explain the loss or disappearance of the goods, and, the law imposes on him the burden of showing that he exercised the degree of care required by the nature of the bailment.
Marine Office  Appleton & Cox Corporation v. Aqua Dynamics, Inc., 295 So.2d 370, 371 (Fla. 3d DCA 1974); accord Aetna Casualty and Surety Company v. Pappagallo Restaurant, Inc., 547 So.2d 243 (Fla. 3d DCA 1989); see Clermont Marine Sales, Inc. v. Harmon, 347 So.2d 839 (Fla. 2d DCA 1977).
This presumption, however, is a vanishing presumption. Once the bailee introduces evidence of its due care, the presumption of negligence vanishes and the case is decided by the trier of fact without regard to the presumption. Aetna Casualty and Surety Company v. Pappagallo Restaurant, Inc., 547 So.2d at 244.
*1378 In explaining this presumption, C. Ehrhardt, Florida Evidence § 302.1 (2d ed. 1984), states:
The only function of this type of presumption, which is commonly called a vanishing or "bursting bubble" presumption, is to compel the trier of fact to find the presumed fact if no credible evidence is introduced to disprove the presumed fact. It is a procedural device which shifts the burden of first producing evidence. Once the evidence of the non-existence of the presumed fact is offered, the presumption disappears and the jury is not told of it.
See also § 90.302(1), Fla. Stat. (1989).
In this case, the presumption, which was enveloped in a protective bubble, burst, when Collection presented evidence of its due care, that is, its extensive security measures, and the only logical inference from the evidence presented was that the car had been stolen. See Aetna Casualty and Surety Company v. Pappagallo Restaurant, Inc., 547 So.2d at 245; City of Clearwater v. Thomas, 446 So.2d 1160 (Fla. 2d DCA 1984); Clermont Marine Sales, Inc. v. Harmon, 347 So.2d at 841.
A ruling that the presumption continues even though the bailee has presented evidence of its due care, would effectively result in the bailee becoming the insurer of the bailed goods. This is not the rule in Florida. "Florida agrees with the weight of authority that a bailee is not an insurer of the bailed goods and if the bailee is not negligent or at fault, the risk of loss by theft is on the bailor." Hussmann Corporation v. UPS Truck Leasing, Inc., 549 So.2d 215 (Fla. 5th DCA 1989); City of Clearwater v. Thomas, 446 So.2d at 1161.
In affirming the judgment we note that Value's reliance on Lonray, Inc. v. Azucar, Inc., 568 F. Supp. 189 (M.D.Fla. 1983), affirmed in part and reversed in part, 775 F.2d 1521 (11th Cir.1985), is misplaced. In Lonray, there was no evidence of theft. Here, there was an inescapable inference of theft.
Accordingly, the final judgment appealed is affirmed.