**BRINK'S INCORPORATED, Appellant,**

**v.**

**HAPPY HOCKER, INC. d/b/a Happy Hocker Buy & Sell, Inc. a/k/a Happy Hocker Pawn Shop, Appellee.**

**Bankruptcy No. 91–6616–CIV.**

United States District Court,
S.D. Florida.

Jan. 28, 1992.

---

Edward M. Joffe, Miami, Fla., for appellant.

Michael J. Winer, Fort Lauderdale, Fla., for appellee.

## MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY CASE NO. 90–21675–BKC–AJC

MORENO, District Judge.

THIS CAUSE came before the Court upon Appellant's Notice of Appeal of a final order in the bankruptcy court striking appellant's proof of claim. Both parties appeared before this court to offer oral argument. This court has jurisdiction to hear the appeal. 28 U.S.C. § 158. After reviewing the briefs of the parties and considering oral argument, and applying the appropriate standard of review, this court affirms the bankruptcy court's order striking appellant's claim.

### I. *Standard of Review*

This court may review *de novo* a bankruptcy court's conclusions of law and mixed questions of law and fact. *Matter of Bonnett,* 895 F.2d 1155 (7th Cir.1989); *Matter of Multiponics,* 622 F.2d 709 (5th Cir.1980). Findings of fact shall not be set aside unless clearly erroneous. *Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (determining the parameters of Rule 52(a) of the Federal Rules of Civil Procedure).

### II. *Nature of Lower Court Proceedings*

Appellant's proof of claim involved a shipment of jewelry that Brink's delivered by mistake to appellee Happy Hocker, Inc.

On or about February 10, 1989 Brink's delivered a package to Happy Hocker that actually belonged to a jewelry corporation known as K & F, Inc. When Happy Hocker could not locate the package or explain its disappearance, Brink's paid K & F $250,000 and received an assignment of K & F's claim.

Brink's filed suit in United States District Court, Case No. 89–6621–CIV–GONZALEZ, against Happy Hocker and two of its employees for money damages, alleging (1) bailee's breach of duty arising out of a mutual benefit bailment; (2) bailee's breach of duty arising out of a gratuitous bailment; (3) conversion and (4) theft. In early 1990, Happy Hocker filed a petition seeking protection under Chapter 11 of the United States Bankruptcy Code. Brink's filed a proof of claim and Happy Hocker objected.

### III. Facts of Record and Lower Court Disposition

Both K & F, Inc. and Sam Serio, father of a Happy Hocker employee, attended a jeweler's trade show in New York City. Sam Serio was a traveling watch salesman employed by the Eterna Watch Corporation. Sam Serio had authority from Eterna for Happy Hocker to accept delivery and store merchandise consigned to Eterna.

Over the years, Sam Serio left jewelry bags for storage at Happy Hocker more than twenty times, two to three times a month. The owner of Happy Hocker permitted Sam Serio to leave his bags as a gesture of accommodation and friendship as it was a common practice to allow salesmen to leave their bags at Happy Hocker. Sam Serio has been storing bags at jewelry stores during the twenty years he has worked as a traveling salesman.

K & F and Sam Serio used Brink's delivery service to transport their jewelry bags from New York to their respective jewelry stores in Florida. K & F filled out a bill to have its bag sent to its office in Hollywood, Florida. Sam Serio filled out a bill to have his bag delivered to the attention of Vincent Serio, his son, at Happy Hocker. Somewhere along the way, the package containing K & F's jewelry bag received the bill addressed to Sam Serio of Eterna Watch, attention Vincent Serio. As a result of this labeling error, Brink's employees mistakenly delivered the K & F jewels to the Happy Hocker.

An employee of the Happy Hocker signed and received the bag containing K & F's jewels because it was addressed to Sam Serio of Eterna Watch, attention Vincent Serio. Happy Hocker employees knew that it was customary for Happy Hocker to store Sam Serio's bags. An employee of Brink's accompanied the employee who signed for the bag to his office at the rear of the Happy Hocker. Three doors locked with key locks and combination locks separated this office from the public area.

The Happy Hocker employee placed the bag consigned to Sam Serio but containing K & F's jewels in front of the safe where Happy Hocker kept its jewelry, cash and loose stones. The bag would not fit into the safe because the safe was full. The bag was in plain view, however, of a twenty-four hour security camera. Sam Serio usually left his bag in the same location when he personally left it at Happy Hocker. Happy Hocker has an extensive security system designed to prevent external theft and theft or embezzlement by Happy Hocker employees.

In its findings of fact and conclusions of law, the bankruptcy court found evidence of negligence on the part of the Happy Hocker. On the facts presented, the bankruptcy court concluded that the receipt of K & F's bag by the Happy Hocker created a gratuitous bailment. Because the evidence did not rise to the level of gross negligence, the bankruptcy court struck Brink's claim against Happy Hocker, the gratuitous bailee.

### IV. Issues on Appeal

The appellant presents the following issues on appeal: (1) whether the bankruptcy court erred as a matter of law in applying the bailee's presumption of negligence, and (2) whether the bankruptcy court erred as a matter of law in deciding that the relationship created between Brink's and Happy Hocker was a gratuitous bailment.

## V. *The Presumption of Negligence*

Appellant Brink's argues that the bankruptcy court erred in applying the bailee's presumption of negligence. Brink's contends that since K & F's bag of jewels was lost while in the sole and exclusive custody of Happy Hocker and Happy Hocker could not adequately explain the loss of the bag, that Happy Hocker is presumptively negligent. According to Brink's, before Happy Hocker may introduce evidence on the degree of care exercised in order to rebut the presumption of negligence, it must first adequately explain the loss.

If Happy Hocker fails to explain the circumstances surrounding the loss of the bag, evidence of due care is insufficient to overcome the presumption of negligence, and Happy Hocker is liable for the loss. Brink's maintains that there is no evidence in the record of what happened to K & F's bag. Therefore, under Brink's interpretation, the bankruptcy court should have found that Happy Hocker was presumptively negligent.

Appellee Happy Hocker counters that it need not introduce direct evidence of what happened to the bag to avoid liability, when the reason for the loss was obvious and the bailor Brink's knew the reason for the loss. Since the bag was obviously stolen by an employee and Brink's was aware that it was stolen, Happy Hocker is relieved of liability.

Under the law of bailment in Florida, a bailee who has the sole, actual and exclusive physical possession of goods is presumed to be negligent if he cannot explain the loss or disappearance of the goods, and the burden is on the bailee to show that it exercised the degree of care required by the nature of the bailment. *Lonray, Inc. v. Azucar*, 775 F.2d 1521, 1526 (11th Cir.1985); *Inter–Ocean (Free Zone), Inc. v. Manuare Lines, Inc.*, 615 F.Supp. 710, 716 (S.D.Fla.1985). The *Inter–Ocean* court noted:

> ... It is not enough to show that the bailee used reasonable care if 'mysterious disappearance' is the only explanation given ... If the bailee fails to provide a sufficient explanation supported by evidence, then he will be liable for breach of bailment and negligence. Only after the bailee has offered proof of the circumstances of the loss, or has come forward with some evidence of intervening cause, such as theft, which is sufficient to legally excuse non-delivery, must the plaintiff go forward with affirmative evidence of the defendant-bailee's negligence.

*Id.* at 716. Further, the Eleventh Circuit has stated:

> Our reading of *Commercial Molasses [Corp. v. New York Tank Barge Corp.*, 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89 (1941)]* convinces us that the bailee meets his burden of going forward with the evidence in a case in which the immediate cause of the loss is neither obvious nor known to the bailor only when he first introduces evidence of the manner in which the loss occurred and then introduces evidence that he exercised due care to prevent loss due to such a cause.

*Lonray*, 775 F.2d at 1521. Happy Hocker believes the bankruptcy court found that a theft occurred, thereby excusing them from non-delivery and rebutting the presumption of negligence. Happy Hocker asserts that it need not go forward with direct evidence of how the loss occurred when the bankruptcy court found as a fact that the bag was stolen.

Upon review of the excerpt of the bankruptcy court proceedings, it is unclear what finding of fact was made with respect to the disappearance of K & F's jewelry bag. At one point the bankruptcy court declares "I don't think ... and I am making no finding that Sam Serio or anybody is the person who may have taken the package in question. I don't know what happened, specifically what happened to the package. *See* excerpt of May 31, 1991 proceedings at 4. Later, the bankruptcy court stated:

> Here there is no direct evidence what happened to the package. The most likely thing is that it was stolen by an employee or someone who had access to that room. The evidence is insufficient to warrant a finding as to any particular

person. There is no evidence of theft by an intruder.

*See* excerpt at 6. And the bankruptcy court concluded "[A]lthough I am satisfied that somebody stole the property, and there is some employee or former employee who has benefited and committed a theft and who is beating the system." *See* excerpt at 8. These findings are obviously inconsistent. A clear finding of theft would release the bailee from the presumption of negligence under *Lonray* and *Inter-Ocean.*

■ Reviewing the application of the presumption *de novo*, this court holds that the bankruptcy court did not commit reversible error. This is not a case of mysterious loss or disappearance. From all the evidence, especially the appearance of K & F's jewels in various other stores, there is at least a logical, inescapable inference of fact that a theft occurred. *Value–Rent–A–Car v. Collection Chevrolet, Inc.*, 570 So.2d 1376, 1378 (Fla. 3d DCA 1990). Evidence of security measures to protect against internal and external theft introduced by Happy Hocker sufficiently rebuts the vanishing presumption. *Id.* at 1377.

Moreover, Brink's contention that the bankruptcy court misapplied the presumption of negligence is only material to the disposition of this appeal if appellant prevails on the second point of appeal. It is at least clear from the lower court transcript that the bankruptcy court found evidence of negligence on the part of Happy Hocker. *See* excerpt at 7–8. But if this court were to affirm the bankruptcy court's conclusion that the relationship between Happy Hocker and Brink's was a gratuitous bailment and its finding that there was no evidence of gross negligence, then any alleged misapplication of the presumption of negligence would be rendered immaterial. We turn now to the critical second issue on appeal.

## VI. *Mutually Beneficial or Gratuitous Bailment*

■ The bankruptcy court concluded that the mistaken delivery of K & F's jewelry bag to Happy Hocker created a gratuitous bailment. The court also found that Happy Hocker was not grossly negligent and therefore not liable to K & F's assignee Brink's because a gratuitous bailee is only liable if the court finds gross negligence in the failure to return the bailed goods.

The Florida Third District Court of Appeal has distinguished between a gratuitous bailment and a bailment for mutual benefit under Florida law. *Armored Car Service v. First National Bank of Miami*, 114 So.2d 431 (Fla. 3d DCA 1959). The facts in *Armored Car* are remarkably similar to the facts of this case. The delivery service in *Armored Car* picked up two bags of money from a junior high school. One bag, containing funds from the school cafeteria, was supposed to be delivered to First National Bank. Another bag, containing funds from the school activities division, was intended for a different bank.

The delivery service mistakenly delivered the activities division funds to First National Bank along with the cafeteria funds. The *Armored Car* court identified a gratuitous bailment as one:

> where the possession of one's personal property passes to another by mistake, accident or through force of circumstances under which the law imposes upon the recipient thereof the duty and obligation of a bailee, when there is a lack of a meeting of the minds, an absence of any voluntary undertaking, and no reasonable basis for implying an intent of any mutual benefit.

*Id.* The court found that the activities funds bag was delivered to First National Bank by mistake and that the activities division did not intend the bag to be deposited at First National. The court concluded that First National received the bag without any express or implied compensation to the bank from the school activities division.

■ K & F occupies the same position as the school activities division. Brink's delivered K & F's bag of jewels to Happy Hocker by mistake. K & F did not intend that Brink's deliver its bag to Happy Hocker. K & F wanted Brink's to transport the bag to K & F's office. K & F is not

transformed into a mutually beneficial bailee merely because Sam Serio, like the school cafeteria in *Armored Car*, had an existing mutually beneficial relationship with the mistaken recipient of the bag. This court affirms the bankruptcy court's conclusion that the facts created a gratuitous bailment.

As the bankruptcy court's finding that Happy Hocker was not grossly negligent is not clearly erroneous, the court order striking Brink's proof of claim is AFFIRMED in its entirety.

DONE AND ORDERED.