SHEVTN, Judge.
Papi Express, Inc., appeals a summary final judgment entered in favor of Dosal Tobacco Corp. Papi Express agreed to deliver Dosal’s goods to customers. The goods were stolen from the delivery truck. The trial court entered a summary final judgment awarding damages to Dosal. We reverse. There are genuine issues of material fact that remain unresolved.
At the outset, we disagree with the trial court’s ruling that “[t]he relationship is not that of bailor and bailee wherein bailor deposits its goods with bailee for their ultimate return to bailor. Rather, the parties contracted for Defendant to perform an agreed upon task.” Contrary to the trial court’s conclusion, the definition of bailment encompasses “delivery of personalty for some particular purpose, or on mere deposit, upon á contract ... that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be.” Monroe Sys. for Bus. Inc. v. Intertrans Corp., 650 So.2d 72, 75-76 (Fla. 3d DCA 1994) (emphasis added) (quoting Dunham v. State, 140 Fla. 754, 192 So. 324, 326 (1939) (citation omitted)), review denied, 659 So.2d 1087 (Fla.1995). Therefore, the intended delivery of the goods to third parties does not preclude finding that a bailor-bailee relationship existed.
Furthermore, the trial court erred in finding Papi Express responsible for the loss of the goods as a matter of law. There is record evidence to rebut the vanishing presumption of negligence arising from Papi Express’ failure to deliver the goods. The record contains an affidavit explaining the disappearance of the goods — that the goods were missing upon discovery of the stolen delivery truck. In addition, the driver’s affidavit states that he had parked and locked the vehicle, and that the keys were not left in the ignition. When the truck was recovered, the ignition switch and the driver’s window were broken. That evidence demonstrates an intervening theft and that Papi Express exercised some due care. Thus, it was error to enter summary judgment in favor of Do-sal. Genuine issues of material fact remain unresolved. Aetna Casualty & Surety Co. v. Pappagallo Restaurant, Inc., 547 So.2d 243 (Fla. 3d DCA 1989); Hyde Shipping Corp. v. Concreto Asfaltico Nacional, S.A., 507 So.2d 776 (Fla. 3d DCA 1987); City of Clearwater v. Thomas, 446 So.2d 1160 (Fla. 2d DCA 1984). See Supreme Int’l Corp. v. Air Sea Shipping, Inc., 585 So.2d 480 (Fla. 3d DCA 1991), and cited cases. We reverse the summary judgment and remand for proceedings consistent with this opinion.
Reversed and remanded.