R. E. O'BRIEN, APPELLANT, vs. E. E. VAILL, APPELLEE.

1. When the relation of inn-keeper and guest exists, the inn-keeper can only avoid the extraordinary liability imposed on him by the law for the protection of the baggage of the guest, when a loss of the baggage is occasioned by the act of God, the public enemy, or the misconduct of the guest, or the friend whom he brings with him.

2. But when the guest settles his bill and departs from the inn, leaving his baggage behind him, requesting the inn-keeper to keep it

until his return, which he says will be in seven or eight days, and the inn-keeper has ceased to receive any profit from the entertainment of the guest, or any compensation for taking care of his baggage, the relation of inn-keeper and guest no longer exists.

3. In such a case the inn-keeper is the gratuitous bailee of the baggage of the traveler, and is only responsible, if it is lost, if he is guilty of gross negligence.

4. When the inn-keeper, after the departure of the guest, removes the baggage from the room occupied by the guest, to the main hall of the hotel, from which it was stolen, and the proof shows that baggage was usually kept there; that the only entrance to the hotel was through the office; that while the hotel was open some person was always in charge of the office, and when it was closed at night a watchman was on duty, there is nothing to show that the inn-keeper was guilty of gross negligence.

Appeal from the Circuit Court for St. Johns county.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellant.

Plaintiff urges:

1st. That defendant was liable as an inn-keeper, because plaintiff had been staying at the hotel, left his trunk at the hotel under distinct promise of defendant's agents that it should be taken care of, for he, plaintiff, was going to return to board with them, which the plaintiff afterwards did. His absence was but temporary, with agreement to return and board with them, which plaintiff did.

The consideration to them was his promise to board at this hotel; he was still the guest of this hotel in the sense that his baggage was in the inn-keeper's care, as if he were a guest eating and sleeping at the house.

As hotel or inn-keeper defendant was bound to exercise the greatest possible amount of care in keeping this property. Adams vs. Clem, 41 Ga., 65; Giles vs. Fauntleroy,

13 Md., 126 ; 21 Wendell, 282 ; 2 Croke, 189 ; 1 Comyn's Digest, 421 ; Mason vs. Thompson, 9 ——, 280 ; Shaw vs. Berry, 31 Me., 479 ; Grinnell vs. Cook, 3 Hill, 485 ; 5 Barb., 560.

Defendant was guilty of gross negligence in putting this baggage in an open hall after he had promised to take care of it. The very fact that any person could walk into the hotel and walk off undiscovered with this large trunk shows gross negligence on part of defendant.

Again, we say that if defendant is not chargeable in this case as an inn-keeper, he certainly is as a bailee for consideration, and he should have exercised ordinary prudence and care in the keeping of this property. The consideration was the future boarding with defendant that plaintiff promised to do and did.

It is this fact of plaintiff's promise to return and board with defendant that constitutes the difference between the case at bar and cases cited by defendant's attorneys, where the courts say that although guest is intending to return yet there is not consideration and no binding contract. In those cases there is no promise or actual return to the hotel to board. Story on Bailments, secs. 23 and 33.

If plaintiff had not returned and boarded with defendant, the defendant might very properly have charged him storage on his trunk. Suppose the trunk was a great length of time at the hotel, who can doubt that defendant would have charged storage if plaintiff did not return to board at this hotel. There was no reasonable, ordinary care of this trunk, it was left in an exposed place and was carried off in consequence of this negligence. Story's Bailments, secs. 23 and 33.

And in the third place, if defendant was but a bailee without consideration, still, acting under an agreement to take care of the property, he was bound to do so. He took

no care at all of this trunk, he might as well have put it on the front porch, and the loss coming from this total lack of care, if any responsibility attaches to a bailee without consideration, this is the case. It was a distinct betrayal of the confidence of the traveling public.

Defendant says, " I had no other place to store baggage." Witness O'Brien says, " he did, there was a cloak and satchel room where this trunk could have been stored." Any way it was the duty of defendant to have a baggage room with lock and key to protect baggage in his care.

*Fleming & Daniel* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

On the 26th of March, A. D. 1885, plaintiff, O'Brien, went to the hotel of the defendant, E. E. Vaill, in the city of St. Augustine, and stopped there as a guest. The next day plaintiff paid his bill to the clerk in the office of the hotel and told him he would be gone for a few days, but would leave his baggage, which consisted of two trunks and a valise, until his return, and which he requested the clerk to take care of for him. Plaintiff left his baggage in his room, locked the door and gave the key to the clerk. Plaintiff told the clerk that on his return he would board with him. On April 2d plaintiff returned and again became a guest of the hotel. The plaintiff's baggage had been removed by the proprietor to the main hall of the hotel. On inquiring for his baggage it was found that one of the trunks had been stolen.

It was in evidence that the front door opened into the office, and there was no entrance into the hall besides the entrance through the office; that when the house was not closed there was always some person in charge of the office, and when the hotel doors were closed there was always a

watchman on duty. A former servant of the hotel was arrested for the theft, and confessing the crime, told the officer where they could find the trunk. Two hasps had been broken, and the most of the contents carried away. Vaill, the proprietor, refusing to pay O'Brien for his damage and loss, the latter brought suit.

The questions presented upon these facts are: 1st. Was Vaill, O'Brien having paid his bill and departed from the house but leaving his baggage saying he would return, liable to O'Brien under the law regulating the liability of an inn-keeper to his guest for the loss of such baggage. Attorney for appellant has called to our attention the case of Adams vs. Clem, 41 Geo., 65. In this case Mrs. Clem was the guest of the inn-keeper, Adams; her trunk was carried to her room, and was marked with her name; she paid her bill, saying that a gentleman, whom she pointed out, would call in ten minutes for it and bring it to her in the country, to which Adams assented. She left the inn on Monday and no one called for the trunk until Friday, when it was found to be lost. The court held the inn-keeper responsible.

The appellant also cites the case of McDonald vs. Edgerton, 5 Barbour, S. Ct., 560. This decision is partly based on the case of Grinnell vs. Cook, 3 Hill, 485. We think the court misconstrued Justice Bronson in the case of Grinnell vs. Cook. In that case Judge Bronson drew a well founded distinction in respect of the inn-keeper's liability for property left by the guest, as to whether the inn-keeper was to receive compensation for keeping the property during the absence of the guest. The guest had left a horse which required feed and attention, for which the inn-keeper had a right to charge a reasonable compensation. In the case of McDonald vs. Edgerton, the plaintiff left behind his coat and there was no compensation agreed on or ex-

pected for keeping it. Leaving property for which a compensation for keeping was to be paid continued the relation of inn-keeper and guest so far as that property was concerned.

We think the current of authority and the weight of reason is opposed to the conclusion reached by the Supreme Court of Georgia and the Supreme Court of N. Y., in 5th Barbour, *supra*.

The law imposes on an inn-keeper an extraordinary liability for the protection of the baggage of his guest. He can avoid it only on the grounds of the loss being occasioned by the act of God, the public enemy, the misconduct of the guest, or the friend he brings with him. We can think of no other reason for the imposition of this liability upon the inn-keeper than the profit he receives from entertaining his guest. When the traveller ceases to be his guest and the inn-keeper ceases to derive a profit for his entertainment, the relation of inn-keeper and guest have ceased as such and as a consequence their relative liabilities.

O'Brien, when he paid his bill and left the hotel, put an end to the relation of guest to the hotel keeper. See Miller vs. Peoples & Branum, 60 Miss., 819 ; Grinnell vs. Cook, 3 Hill, 485.

The expectation to become a guest again at some other time did not continue the relation of inn-keeper and guest.

The next question is, what was the relation of the parties after the cessation of the relation of inn-keeper and guest as shown by the evidence ? We think it was that of bailor and bailee, and that the defendant was a gratuitous bailee. The statement of the appellant that he expected to return to and board at the hotel could not be considered as a considerstion for taking care of the baggage. A gratuitous bailee is liable only for gross negligence. There is

nothing proved in the case that will justify us in the conclusion that defendant was guilty of such negligence in opposition to the finding of the referee.

The judgment is affirmed.