*601 SUBSTITUTED OPINION ON PETITION FOR REHEARING
SMITH, Judge.
The Martins and their subrogated homeowners’ insurer appeal from a partial summary judgment finding that appellees Bell and Christian are not liable for personal property damage resulting from a kitchen fire in the Martins’ home, and that appel-lees Concord and INA, liability insurers of Bell and Christian, are not responsible under their policies for any of the Martins’ damages. By my opinion filed August 30, 1978, the court affirmed the trial court in all respects. Judge Boyer dissented from the court’s decision absolving Concord and INA, and filed an opinion in support of his view that the Concord and INA liability policies are ambiguous in their coverage provisions and are susceptible of an interpretation that affords liability coverage to Bell and Christian for their asserted negligence in the incident giving rise to the Martins’ loss. The Martins’ petition for rehearing demonstrated errors in my reasoning to deny coverage. Upon reconsideration of the issue, we conclude that the policies’ purpose as interpreted by the insurers is impenetrably obscure, that the policies permit an interpretation which extends coverage, and that the exclusions are inoperable to exonerate Concord and INA of potential liability for the consequences of their insureds’ asserted negligence. We therefore withdraw the majority and dissenting opinions filed August 30, 1978, and substitute this opinion. We reverse the trial court’s summary judgment for Concord and INA, although we affirm the partial summary judgment for Bell and Christian on the issue of their asserted gross negligence.
The Martins asked Bell and Christian to occupy their home during the Martins’ vacation. The Martins did not pay the housesitters but left a few dollars for groceries. The house and contents were badly damaged by fire when appellee Christian left a pan of grease unattended on a range burner. The trial court correctly found that the arrangement was a gratuitous bailment and that Bell and Christian, not having been grossly negligent, are not liable for damage to the Martins’ personal property. See Armored Car Service, Inc. v. First Nat’l Bank of Miami, 114 So.2d 431 (Fla.3d DCA 1959).
Because the trial court has not acted on the Martins’ claim against Bell and Christian on account of damage to the Martins’ house, as distinguished from their personal property, we have no occasion to pass on the potential liability of Bell and Christian to the Martins on account of damage to the house. We are concerned only with the trial court’s decision that relieves Concord and INA of any coverage liability whatsoever to the Martins, and in effect discharges those defendants.
The Concord policy insuring Bell’s liability and the INA policy insuring Christian’s liability are in pertinent respects identical. The Concord policy provides in part:
I. COVERAGES
A. Coverage E, Personal Liability. This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. .

D. Supplementary Coverages.

3. Property in Control of the Insured: Such insurance as is afforded under Coverage E, Personal Liability, applies to property damage to any insured premises [including any residential premises not owned by the insured, but where the insured is temporarily residing] and to house furnishings therein if such property damage arises out of fire, explosion, or smoke or smudge caused by sudden, unusual and faulty operation of any heating or cooking unit. Exclusion B.4 does not apply to this Supplementary Coverage, (emphasis added).
*602 II. EXCLUSIONS

B. Under Coverage E, Personal Liability: This policy does not apply:

3. To property damage to property owned by the Insured;
4. To property damage to property occupied or used by the Insured or rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control

The insuring clauses thus generally insure Bell and Christian against liability for property damage. That would seem to secure Concord’s and INA’s liability to the Martins on account of any liability of Bell and Christian for damage to the Martins’ house. But no. For exclusion B.4 dissolves the coverage for liability on account of damage to property occupied by the insureds. That would seem to excuse Concord and INA. But no. For exclusion B.4 does not apply if Bell’s and Christian’s legal liability for damage to the Martins’ house, an insured premises because Bell and Christian temporarily resided there, “arises out of fire, explosion, or smoke or smudge caused by sudden, unusual and faulty operation of any heating or cooking unit.” Plainly, any liability of Bell and Christian does not result from damage caused by “sudden, unusual and faulty operation of any heating or cooking unit.” The range burner ignited the grease as a result of its wholly predictable and usual operation as designed.
Is the case governed by the insuring clause, or by the exclusion, or by the exception to the exclusion found in supplementary coverage D.3? If coverage D.3 applies, the seemingly critical question is whether the insureds’ liability coverage for fire damage to a nonowned, temporary residence is dependent on a showing that the fire resulted from “sudden, unusual and faulty operation” of a heating or cooking unit. Grammatically, the phrase “caused by sudden, unusual and faulty operation of any heating or cooking unit” can be read as modifying all the preceding nouns, including “fire,” or as modifying only “smoke or smudge.” Given two equally acceptable constructions of the policy, one extending coverage and the other removing it, we construe the policy against the insurer and hold that coverage exists. E. g., Fireman’s Fund Ins. Co. v. Boyd, 45 So.2d 499 (Fla.1950). Moreover, it would be a comfortless policy of liability insurance that took pains to define a temporary nonowned residence as insured premises, purported to protect the insureds from liability on account of negligence there, but insisted that any such negligence resulting in fire be traceable to the “sudden, unusual and faulty operation” of a range or furnace concerning which the temporary residents have little opportunity to be negligent. Whatever may be the benefit to a temporary resident in buying insurance against liability for damage caused by smoke or smudge from a range or furnace in “sudden, unusual and faulty operation,” we can say at least that no such causative nexus is required for fire damage coverage under these policies. As a matter of law, Concord and INA are responsible to the extent of their policy coverages for any liability of appellees Bell and Christian that may be established.
The summary judgment is AFFIRMED in part, REVERSED in part, and the case is REMANDED.
BOYER, Acting C. J., and BOOTH, J., concur.