443 So.2d 285 (1983)
Robert H. PALMER and Hilda R. Palmer, His Wife, Appellants,
v.
SHELBY PLAZA MOTEL, INC., a Florida Corporation; Christ Loukoutos and Helen Loukoutos; and Resort Condo-Motels, Inc., a Florida Corporation, Appellees.
Nos. 83-150, 83-699.
District Court of Appeal of Florida, Second District.
December 21, 1983.
Sondra Goldenfarb, and John C. Gardner, Clearwater, for appellants.
Richard B. Moritz of McNulty, Moritz, Pecarek & Dickey, Chartered, Largo, for appellees.
PER CURIAM.
Robert and Hilda Palmer, plaintiffs/counter-defendants below, appeal a final order which 1) denied them relief in a mortgage foreclosure action against Shelby Plaza Motel, Inc., Christ and Helen Loukoutos, and Resort Condo-Motels, Inc., defendants/counter-plaintiffs below; 2) awarded appellees $69,000 in damages on a slander of title action against appellants, which action was predicated on appellants' filing of a notice of lis pendens after the bringing of their foreclosure action; and 3) reserved jurisdiction to award appellees reasonable attorney's fees and costs pursuant to an escrow agreement previously entered into between the parties which provided in part that, in the event of any litigation arising from the agreement, the prevailing parties would be entitled to an award of reasonable attorney's fees and costs. (Appeal No. 83-150) Appellants also appeal the subsequent, related final order which, inter alia, awarded appellees reasonable *286 attorney's fees and costs. (Appeal No. 83-699)
Appellants do not contest the dismissal of their suit for foreclosure. They do, however, argue that the court erred in entering a judgment of damages and assessing attorney's fees against them.
The lis pendens described only the property covered by the mortgage which appellants were seeking to foreclose. It had no existence separate and apart from the litigation of which it gave notice. Therefore, it was encompassed within the absolute privilege of judicial proceedings. Procacci v. Zacco, 402 So.2d 425 (Fla. 4th DCA 1981); Atkinson v. Fundaro, 400 So.2d 1324 (Fla. 4th DCA 1981). Even though they successfully defended the mortgage foreclosure, appellees were not entitled to damages for slander of title. Nothing herein will preclude them from later filing a suit for malicious prosecution. See McMurray v. U-Haul Co., 425 So.2d 1208 (Fla. 4th DCA 1983).
Appellees' contention that they were awarded damages for breach of an escrow agreement is without merit. Even though the trial testimony was not transcribed, the appellees' pretrial conference statement clearly demonstrates that their claim for damages was based on slander of title. Moreover, the final judgment states that the damages were awarded because of the filing of the lis pendens. Any breach of the escrow agreement concerning application of the mortgage payments only had the effect of causing the mortgage to appear to be in default when it was not, thereby precipitating the unsuccessful foreclosure action.
The award of attorney's fees must also be reversed. The trial court stated in its earlier final order that an award to appellees of reasonable attorney's fees and costs would be based upon the escrow agreement. The foreclosure action arose from a dispute about this agreement, but the slander of title action did not. Nevertheless, the court awarded attorney's fees in an amount representing not only the legal assistance rendered appellees concerning their defense against the foreclosure action but also that afforded them regarding their simultaneous prosecution of the slander of title action. Even if appellees had been able to sustain their slander of title action, they were only entitled to attorney's fees for the defense of the foreclosure action.
Accordingly, we reverse appellees' judgment for damages against appellants and also the award of attorney's fees. We remand with directions that the trial court gather whatever further evidence and testimony is necessary to enable it to award an amount which corresponds with the legal aid afforded appellees for the defense of the foreclosure action. In all other respects, we affirm the final orders appealed.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
HOBSON, A.C.J., and GRIMES and SCHOONOVER, JJ., concur.