557 So.2d 124 (1990)
Gayle S. BENZ, Etc., Appellant,
v.
Jeffrey P. BENZ, Etc., Appellee.
No. 89-520.
District Court of Appeal of Florida, Third District.
February 13, 1990.
*125 Swan, Sheppard & Swan and Edward P. Swan, Richard M. Gale, Miami, for appellant.
Frigola, DeVane, Wright, Dorl & Hendrickson and David L. Manz, Marathon, for appellee.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
LEVY, Judge.
By this appeal, the former wife challenges those portions of an Amended Final Judgment of Dissolution of Marriage which determine issues regarding certain personal property of the wife and the equitable distribution of certain jointly-owned real property. The wife has abandoned her challenge to that portion of the Amended Final Judgment which negated a lump sum award regarding separate monies which she brought into the marriage, and, accordingly, we affirm that portion of the Amended Final Judgment. We reverse as to those portions of the Amended Final Judgment which address the personal and real property issues.
As a single man, Jeffrey Benz bought certain unimproved real property in Monroe County prior to his August, 1979, marriage. Thereafter, his wife brought approximately $89,700 into the marriage. The parties separated in June, 1980, and, in August, 1980, the husband effected the transfer of two undivided 20% interests in the property. In June, 1981, the husband transferred his remaining interest to himself and his wife as tenants by the entireties, after which the wife's name was placed on the deed. The wife subsequently filed her petition for dissolution wherein she also sought partition of the real property and recompense for certain personal property which she left in her husband's possession when she vacated the marital residence. In order to stave off a threatened foreclosure action, the wife paid the mortgage and taxes on the unimproved property during the period from June, 1981, until the January, 1984 final hearing on the petition for dissolution. Legally, the husband was jointly responsible for one-half of this financial obligation during this period of time. In February, 1984, the husband conveyed the entireties' interest by quitclaim deed, without his wife's knowledge or consent, to Pirate's Cove Estates, Inc., a corporation which he controlled, which thereafter conveyed various interests to various buyers. The July, 1984, Final Judgment, inter alia, awarded the wife lump sum alimony for her $89,700 separate monies, awarded the wife $10,000 lump sum alimony for the loss of her personalty, awarded the wife a special equity in the amount of approximately $17,000 arising from her payment of the joint mortgage and tax obligations, and directed that the wife retain her record title ownership of the real property at issue until the husband satisfied the judgments in her favor and that the wife would then release her ownership interest to her husband.
Upon the husband's motion for rehearing, an Amended Final Judgment was entered in April, 1989, which negated the lump sum award for the wife's separate monies, negated the lump sum award for the personal property upon a finding that the wife abandoned her personal property, and fashioned an equitable distribution of the real property which, in effect, negated the special equity arising from the wife's payment of the mortgage and tax obligations and, ultimately, directed the wife to join in the various transfers arranged by the husband either individually or through his corporation.
As an initial matter, we consider the issue of the wife's personal property. *126 While the 1984 final judgment awarded the wife $10,000 in lump sum alimony for the loss of this personal property upon a finding that husband had violated a fiduciary duty to the wife to care for this property in a reasonable manner, the Amended Final Judgment negated this award, in its entirety, upon a finding that the wife left her property with the husband "at her peril." We hold that the court erred in so concluding. Under the facts presented here, a gratuitous bailment arose when the wife left her personalty in the husband's possession without contemplating any direct or indirect compensation in his favor and, thus, without contemplation of any mutual benefit. See Armored Car Service, Inc. v. First Nat. Bank of Miami, 114 So.2d 431 (Fla. 3d DCA 1959). As the court stated in Armored Car Service, Inc., 114 So.2d at 434:
[W]here the possession of one's personal property passes to another by mistake, accident or through force of circumstances under which the law imposes upon the recipient thereof the duty and obligation of a bailee, when there is a lack of a meeting of the minds, an absence of any voluntary undertaking, and no reasonable basis for implying an intent of any mutual benefit, the bailment resulting is a constructive bailment and gratuitous. [citations omitted.]
114 So.2d at 434. As a gratuitous bailee of the wife's personalty, husband is to be held to a standard of gross negligence, see O'Brien v. Vaill, 22 Fla. 627, 1 So. 137 (Fla. 1886); Armored Car Service, Inc. v. First National Bank of Miami, 114 So.2d at 434. Accordingly, we reverse that portion of the amended final judgment which negated the earlier award of lump sum alimony as compensation for the loss of the wife's personalty. The trial court is directed to conduct an evidentiary hearing to determine both the reasonable value of the personalty which was either sold, traded or gifted by the husband and, as to the property which was destroyed in the trailer fire, the reasonableness of husband's actions as a gratuitous bailee in regards thereto.
We also hold that the Amended Final Judgment effected an improper equitable distribution of the wife's interest in the real property by negating, in its entirety, the earlier lump sum alimony award (compensation for her payment of the mortgage and taxes). It was further error to direct that the wife join in the transfer of the above-mentioned property interests. As far as the mortgage and tax payments are concerned, the husband and wife were jointly responsible for these payments, yet it was the wife alone who made them. The wife is entitled to be compensated for her payment of the husband's obligation, and, while the 1984 Final Judgment improperly gave her a credit for the full amount of such payments, the amended final judgment improperly negated the entire credit, rather than just half of it. We reverse that portion of the Amended Final Judgment and instruct the trial court to award the wife one-half of the mortgage and tax payments which she made during the period between the separation and the final hearing and, further, to determine an award to her of legal interest from the date of each payment.
We also reverse that portion of the Amended Final Judgment which requires the wife to join in the contemplated transfers. It is the function of an appellate court to decide whether the judgment of the trial court is supported by competent evidence. See Koeppel v. Koeppel, 351 So.2d 766 (Fla. 3d DCA 1977). In that there is neither a basis in the record nor a finding in the Amended Final Judgment which would justify compelling the wife to convey her property interest, we determine that this portion of the Amended Final Judgment is not supported by competent evidence and must, therefore, be reversed.
Affirmed in part, reversed in part, and remanded with instructions.