588 So.2d 240 (1991)
M. Edward TRIEFLER, Appellant/Cross-Appellee,
v.
BARNETT BANK OF SOUTH FLORIDA, N.A., Appellee/Cross-Appellant.
No. 90-01980.
District Court of Appeal of Florida, Third District.
September 10, 1991.
Rehearing Denied November 26, 1991.
*241 Stuart I. Levin, Miami, for appellant/cross-appellee.
Mandler & Silver and Patricia M. Silver, Miami, for appellee/cross-appellant.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
The defendant, M. Edward Triefler [Triefler], appeals from a final judgment holding Triefler liable for the balance due on a promissory note held by plaintiff Barnett Bank of South Florida, N.A. [Barnett Bank], plus interest on the note, and attorney's fees. Triefler further appeals the trial court's final judgment in favor of Barnett Bank on Triefler's counterclaim for breach of confidentiality. Barnett Bank cross-appeals from the judgment of the trial court holding Barnett Bank liable for compensatory and punitive damages for slander. We affirm in part, and reverse and remand in part.
As president of Empress Realty, a real estate brokerage firm, Triefler executed a note to Barnett Bank for money loaned to Empress Realty. Empress Realty later became insolvent and defaulted on the note to Barnett Bank. While Triefler denies ever having signed a personal guaranty on the note, he continued to make payments on it from his personal funds for over a year after the default. An employee of Barnett Bank allegedly told a friend of Triefler that Triefler was a "deadbeat" who was "beating the bank out of money." Barnett Bank sued Triefler to recover the balance due on the note. Triefler counterclaimed, alleging slander, breach of confidentiality, fraud, conversion, and two separate breaches of contract. The trial court rendered judgment against Triefler on the note, for the full amount due plus interest and attorney's fees. On the counterclaim alleging slander, the trial court entered judgment for Triefler assessing compensatory and punitive damages against Barnett Bank. The trial court entered judgment for Barnett Bank on the remaining allegations of the counterclaim. Triefler appeals and Barnett Bank cross-appeals.
*242 The first issue that Triefler raises on appeal is that the trial court erred in assessing the full amount of attorney's fees against him. He alleges that the majority of Barnett Bank's attorney's fees in this case were incurred in defending against Triefler's counterclaim  not in their collection efforts on Triefler's guaranty of the note  and thus the fees were improperly assessed against him. Barnett Bank argues that their collection efforts and their defense against the counterclaim arose from the same subject matter, and cannot be separated.
For the purpose of awarding attorney's fees, each claim or permissive counterclaim must be assessed individually. Fairways Royale Ass'n, Inc. v. Hasam Realty Corp., 428 So.2d 288, 290 (Fla. 4th DCA 1983). In the instant case, Triefler's slander counterclaim is a permissive counterclaim, not arising from the same subject matter as Barnett Bank's original action to collect the balance due on the promissory note from Triefler. We find that the trial court erred in failing to differentiate between the attorney's fees that Barnett Bank incurred in their collection efforts and those that were incurred in defending against the separate and distinct counterclaim of slander. Accordingly, we reverse and remand with instructions to hold an evidentiary hearing to determine the amount of attorney's fees that would be reasonable in collecting on the note. See also Citizens Fed. Sav. and Loan Ass'n of St. Lucie County v. Loeb Rhoades, Hornblower & Co., 473 So.2d 679 (Fla. 4th DCA 1984); Palmer v. Shelby Plaza Motel, Inc., 443 So.2d 285 (Fla. 2d DCA 1983); Pitkin v. Ryan, 409 So.2d 1221 (Fla. 4th DCA 1982).
Triefler's second issue on appeal is that the trial court erred in finding him liable for the balance due on the note when he did not sign a personal guaranty. This court will not disturb the trial court's factual findings unless there is not sufficient competent evidence to support those findings. Lee v. Lee, 563 So.2d 754 (Fla. 3d DCA 1990); Benz v. Benz, 557 So.2d 124 (Fla. 3d DCA 1990). In the instant case, we find that there was substantial competent evidence to support the trial court's finding that Triefler signed a personal guaranty on the note. Accordingly, we affirm the trial court's judgment as to that issue.
Next, Triefler contends that the trial court erred in finding that Barnett Bank did not breach its duty of confidentiality towards him. We find that there is substantial competent evidence to support the trial court's findings, and, thus, affirm the trial court's judgment on this issue. Id.
On its cross-appeal, Barnett Bank contends that the trial court erred in finding Barnett Bank liable for compensatory and punitive damages for the alleged slander of Triefler by a Barnett Bank employee. An employer may be vicariously liable for compensatory damages resulting from acts of its employees committed within the scope of their employment, even if the employer is without fault. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 549 (Fla. 1981). We find that there is substantial competent evidence to support the trial court's finding that the Barnett Bank employee slandered Triefler; accordingly, we affirm the trial court's award of one dollar ($1.00) to Triefler as compensatory damages.
However, an award of punitive damages against a corporation for the acts of an employee requires some fault on the part of the employer which foreseeably contributed to the plaintiff's injury. Id. In the instant case, there was no evidence that Barnett Bank was at fault for the alleged slander by one of its employees. Therefore, we find that the trial court incorrectly assessed punitive damages against Barnett Bank, and we reverse that award.
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.