United States Court of Appeals,

Eleventh Circuit.

Nos. 95-2828, 95-2879.

Murray I. COHEN, Jane Cohen, Harold Gene Artrip, Margaret F. Artrip, K.C.B. Industries, Inc., Plaintiffs-Counter-Defendants-Appellants,

v.

UNITED AMERICAN BANK OF CENTRAL FLORIDA, Defendant-Counter-Plaintiff-Appellee.

Murray I. COHEN, Jane Cohen, Harold Gene Artrip, Margaret F. Artrip, and K.C.B. Industries, Inc., Plaintiffs-Counter-Defendants-Appellees,

v.

UNITED AMERICAN BANK OF CENTRAL FLORIDA, Defendant-Counter-Plaintiff-Appellant.

May 23, 1996.

Appeals from the United States District Court for the Middle District of Florida. (No. 93-844-Civ-Orl-22), Anne C. Conway, District Judge.

Before CARNES and BARKETT, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

This appeal arises from a partial summary judgment finding that the Appellee did not violate the Bank Holding Company Act Amendments of 1970, 12 U.S.C. §§ 1972 *et seq.* (1988), by conditioning a loan on payment of a third party's loan. Because there are no genuine issues of material fact and the Appellants failed to meet their burden on summary judgment, we affirm.

I. BACKGROUND

Based on the record before the district court, we summarize the following facts. Appellants Murray Cohen, Jane Cohen, Harold Gene Artrip (collectively "the individual appellants"), and K.C.B.

Industries, Inc. ("KCB") filed this action seeking damages and an injunction for violation of 12 U.S.C. § 1972 and various pendent state claims. The complaint alleges that United American Bank of Central Florida ("United American") orally agreed to lend Appellants $500,000 on a line of credit, but reneged on the promise by only advancing $125,000 and refusing to close the transaction unless they caused a third party, Andrea Ruff, to make a $50,000 payment on her separate loan with United American.

Andrea Ruff was an attorney representing Lake Tech, Inc., d/b/a Lake Technologies, Inc. ("Lake Tech") in Chapter 11 bankruptcy. She approached the individual appellants about an opportunity to purchase Lake Tech. Ruff explained that the company had developed a market niche in supplying road signs, primarily to governmental entities, but had cash flow problems and needed a capital infusion to purchase inventory and proceed with bidding on contracts. The individual appellants found the opportunity attractive and negotiated an agreement with Ruff and the principal of Lake Tech, Thomas Duffey ("Duffey"). The agreement provided for the individual appellants to become stockholders in an existing corporation in which Duffey's daughter, Keri, was a stockholder. The "existing corporation" referred to in the agreement became KCB. Jane Cohen, Margaret Artrip and Keri Duffey owned all of KCB's stock, ostensibly for the purpose of qualifying for minority bidding status. The parties agreed that KCB would bid on contracts that otherwise would have been bid by Lake Tech. KCB would subcontract to Lake Tech, retaining 10% and giving Lake Tech 90% of the contract amount.

Murray Cohen and Gene Artrip contacted Sidney Cash, the president of United American, about obtaining a loan for KCB. Cohen and Artrip explained that KCB had existing contracts to provide signs, but that Lake Tech needed capital to purchase inventory to fill the orders. Because Lake Tech was at risk of being converted to a Chapter 7 liquidation, Cohen and Artrip were unwilling to invest directly in Lake Tech, but rather planned for KCB to extend specific capital loans to Lake Tech to finance the manufacturing necessary to fill KCB's orders. Cohen and Artrip suggested the bank could benefit by making the loan to KCB because Lake Tech owed Ruff $175,000 in legal fees. Knowing of the bank's problems with payment on Ruff's loans, they emphasized to Cash that the loan to KCB would permit Lake Tech to continue operating, thereby generating income with which to pay Ruff's outstanding legal bills; Ruff would then have funds to repay her debt with United American. In addition, Cohen and Artrip offered to have 2.5% of any loan advances disbursed directly to Ruff for immediate reduction of her debt. By receiving the loan proceeds both directly from Lake Tech and indirectly from KCB, Cohen and Artrip pointed out that Ruff would be able to continue providing the legal services that Lake Tech needed in its bankruptcy. In light of the significant relatedness and business relationships between Ruff, Lake Tech, Cohen and Artrip, Cash considered the benefits of reducing Ruff's loan in the context of extending credit to Cohen, Artrip and KCB. When Cash discussed the matter with Ruff, she agreed to pay down her personal loan provided United American made the loan Cohen and Artrip requested. In fact, Ruff sent Cash a

$50,000 check as payment on her loan conditioned upon the check being held in escrow until United American funded KCB's loan.

The district court held on these undisputed facts that even if United American required Ruff to reduce her loan as a condition of extending credit to the appellants, such a requirement was not a "tying" as a matter of law because it was not "anticompetitive," and that the requirement was not "anti-competitive" because of the relatedness of Ruff and the appellants. There being no violation of 12 U.S.C. § 1972, the district court granted summary judgment on the anti-tying claims, and dismissed the pendent claims without prejudice. A motion for rehearing was denied. The court entered final judgment for United American. Following the judgment, United American filed a motion for attorney fees based on the specific language of several loan agreements, which the court denied. On appeal we review the orders *de novo* and affirm both, although we hold United American is entitled to summary judgment for a different reason than the district court.

## II. DISCUSSION

A. Section 1972 Claim

A motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The party seeking summary judgment bears the initial burden of identifying for the district court those portions of the record "which it believes demonstrate the absence of a genuine issue of

material fact.' " *Cox v. Administrator United States Steel & Carnegie,* 17 F.3d 1386, 1396 (11th Cir.1994) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)). There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "With regard to issues on which the non-moving party bears the burden of proof, the moving party need not support its motion with evidence "negating the opponent's claim.' " *Cox,* 17 F.3d at 1396.

Appellants contend that by tying their loan to a payment on Ruff's loan, United American required an additional service in violation of 12 U.S.C. § 1972(1)(C). That section prohibits certain tying arrangements, stating in relevant part that "[a] bank shall not in any manner extend credit ... on the condition or requirement ... that the customer provide some additional credit, property, or service to such bank, other than those related to and usually provided in connection with a loan, discount, deposit, or trust service...." 12 U.S.C. § 1972(1)(C) (1988). A § 1972 plaintiff must prove that the condition placed on the loan is 1) an unusual banking practice; 2) an anticompetitive tying arrangement; and 3) a practice that benefits the bank. *Parsons Steel, Inc. v. First Alabama Bank of Montgomery, N.A.,* 679 F.2d 242, 245 (11th Cir.1982). *Accord Palermo v. First Nat'l Bank & Trust Co.,* 894 F.2d 363, 368 (10th Cir.1990); *Sanders v. First Nat'l Bank & Trust Co.,* 936 F.2d 273, 278 (6th Cir.1991). To survive summary

judgment, a plaintiff "must present evidence sufficient to create a fact issue regarding whether the conditions placed on the loan were unusual in the banking industry." *Gulf States Land & Dev. Inc. v. Premier Bank, N.A.*, 956 F.2d 502, 506-07 (5th Cir.1992).

We find Appellants failed to present evidence to prove their claim. They did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis so there is no genuine dispute on the record as to the material facts set forth above. Moreover, Appellants did not provide any evidence that conditioning KCB's loan on a reduction of Ruff's loan is an unusual banking practice. We thus find United American entitled to final summary judgment as a matter of law and affirm the district court.

B. Attorney's Fees

United American argues that the § 1972 action, particularly the request to enjoin enforcement of the promissory note, is "directly and inescapably related to" the counterclaim seeking enforcement of the promissory note. Because both the claim and the counterclaim are "related to" the loan agreement which provides for an award of attorney's fees, they contend they are entitled to a fee award for successfully defending against the § 1972 claims. We disagree because Florida law requires each claim and permissive counterclaim to be assessed individually. *Cf. Triefler v. Barnett Bank of South Florida, N.A.*, 588 So.2d 240, 242 (Fla.Dist.Ct.App.1991) (denying bank attorney's fees for defending a permissive counterclaim for slander where original action was to

collect balance due on promissory note) and *Vistaco, Inc. v. Prestige Properties, Inc.,* 559 So.2d 744 (Fla.Dist.Ct.App.1990) (plaintiff awarded fees for defending compulsory counterclaim arising from the contract).

Appellants' § 1972 claim addresses the formation of the promissory note and does not arise out of the contract.  The counterclaim is permissive because it is a separate and distinct action on the contract itself.  The fee provision in the contract, therefore, does not apply to permit United American to recover attorney's fees for successfully defending the original claim that was not predicated on the contract.  We affirm the district court's order denying attorney's fees to United American.