Enrique R. SUAREZ, Plaintiff–
Appellant,

v.

SCHOOL BOARD OF HILLSBOR-
OUGH COUNTY, FLORIDA and its
Employees, James Goode, Supervisor
of Teacher Recruitment, John Cobb,
Principal, Farnell Middle School, Ola-
niyio Popoola, Principal, Leto Adult
Education, Matthew Romano, Assis-
tant Principal, King High School et
al., Defendants–Appellees.

No. 15–12891
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 19, 2016.

Enrique R. Suarez, Tampa, FL, pro se.

Thomas M. Gonzalez, Nathan J. Paulich, Thompson Sizemore Gonzalez & Hearing, PA, Deborah Hereford Oliver, Adams & Reese, LLP, Tampa, FL, for Defendants–Appellees.

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Enrique Suarez, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the School Board of Hillsborough County on his employment discrimination claims.

In 2012 and 2013, Mr. Suarez, a 60–year–old Hispanic male, applied for approximately 31 teaching and administrative positions within the Hillsborough County school district. When he was not hired, Mr. Suarez sued the School Board of Hillsborough County and several of its employees alleging defamation, employment discrimination on the basis of race and national origin, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, and age discrimination, under the Age Discrimination in Employment Act, 29 U.S.C. § 623.

After Mr. Suarez filed his ten-count second amended complaint, the district court dismissed his defamation claims with prejudice. In November of 2014, the School Board moved for summary judgment on the seven remaining employment discrimination claims. The district court granted the School Board's motion in June of 2015. Mr. Suarez now appeals.

Mr. Suarez argues that the district court erred in granting summary judgment because he had put forward sufficient evidence to establish a *prima facie* case of race, national origin, and age discrimination. Alternatively, Mr. Suarez contends that the district court should have denied the School Board's summary judgment motion as a matter of discretion. Because we find no genuine dispute as to any material fact, and conclude that the School Board is entitled to judgment as a matter of law, we affirm the district court's grant of summary judgment.

## I

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1211 (11th Cir.2008). Although we liberally construe the filings and briefs of *pro se* litigants, "issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment where, after adequate time for discovery, the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party asserting that a fact is genuinely disputed must support his assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c). The substantive law identifies what facts are material to a claim, and only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, no genuine issue of fact exists "unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (citation omitted).

## II

Title VII provides that it is unlawful for an employer to discriminate against any individual with respect to employment based on the individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e–2(a)(1). Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee who is at least 40 years old on the basis of age. *See* 29 U.S.C. § 623(a).

We analyze both Title VII and ADEA claims under the *McDonnell Douglas* burden-shifting framework. *See Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1270 (11th Cir.2014). *See generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under this framework, the plaintiff must first create an inference of discrimination by making out a *prima facie* case. *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 767 (11th Cir. 2005). To establish a *prima facie* case under Title VII for a failure-to-hire claim, a plaintiff bears the burden of proving that (1) he is a member of a protected class; (2) he applied and was qualified for the position; (3) he was rejected; and (4) an individual outside his protected class was hired for the position. *See id.* To establish a *prima facie* case under the ADEA, the plaintiff bears the burden of proving that (1) he was a member of the protected class (i.e., at least 40 years old at the time of the adverse employment action); (2) he was subject to an adverse employment decision; (3) the position he sought was filled by a substantially younger person; and (4) he was qualified for the position. *See Chapman v. AI Transp.*, 229 F.3d 1012, 1043 (11th Cir.2000) (en banc). Age discrimination claims also require that the plaintiff ultimately show that his age was the "but-for" cause of the adverse employment decision. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177, 129 S.Ct. 2343, 174 L.Ed.2d 119 (2009).

Once a *prima facie* case is established, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged employment action. *See id.* at 767. Subjective evaluations of a job candidate are often critical to the decision-making process and can constitute a legally sufficient, legitimate non-discriminatory reason for an adverse employment decision if the employer articulates a clear and reasonably specific factual basis upon which it based its subjective opinion. *See Chapman,* 229 F.3d at 1033–34.

If the employer meets this burden, the inference of discrimination drops out of the case entirely, and the plaintiff bears the burden of demonstrating that the employer's proffered reasons for its decision were pretextual. *See Vessels,* 408 F.3d at 768.

## III

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

The only claims that remained at issue for summary judgment stemmed from Mr. Suarez's allegations of discriminatory failure to hire for an Elementary Supervisor/Generalist position (Count 1), a Magnet Social Studies position at Young Creative Science Center (Counts 2 and 7), a Spanish position at Farrell Middle School (Count 3) and at Strawberry Crest High School (Count 9), an International Baccalaureate position at Robinson High School (Count 6), and an English Language Learner position at Riverview High School (Count 8). We will discuss each in turn.

## A

■ Mr. Suarez did not establish a *prima facie* case of race, national origin, or age discrimination for the School Board's failure to hire him for the Elementary Supervisor/Generalist position (Count 1). In 2012, the School District advertised two openings for this position. The requisite qualifications for the position, according to the job announcement, included: *"Experience:* Three years of increasingly responsible experience in elementary administration as principal or assistant principal, with at least three years of related management or supervisory experience preferred. Elementary experience preferred." Mr. Suarez applied for the position, and, in his application, acknowledged that he did not have administrative, supervisory, or management experience in public schools. He was never a principal, assistant principal, or administrator for an elementary school. Because he did not meet the hiring criteria for the position, Mr. Suarez was not offered an interview. The School Board ultimately hired Deborah Talley, a 54-year-old Hispanic female, and Debbie Mills, a 54-year-old Caucasian female, for the openings. Both were former principals in the School District who met the relevant hiring criteria for the position.

Although Mr. Suarez is a member of the class of people protected under Title VII and the ADEA, he has not established that he possessed the requisite qualifications for the position to which he applied. Indeed, his qualifications for the job were inferior to those possessed by Ms. Talley and Ms. Mills—both former school principals. The job description clearly stated, and the affidavit submitted by the general director of elementary education confirmed, that the position required applicants to have three years of experience as a principal or assistant principal. The School Board's decision to offer the jobs to qualified applicants does not suggest discrimination.

Furthermore, Mr. Suarez has not established that the job was offered to individuals outside of his protected class to estab-

lish a *prima facie* Title VII case (Ms. Talley is also Hispanic), nor did he show that the job was offered to substantially younger applicants to establish a *prima facie* ADEA case (Ms. Talley and Ms. Mills were only six years younger than Mr. Suarez).[1] Mr. Suarez's assertion, unsupported by documentary evidence, that experience as a former principal was not required for the job did not rebut the School Board's legitimate, non-discriminatory reason for offering the position to candidates that met the advertised, objective hiring criteria. Accordingly, the district court did not err in granting summary judgment as to Count 1.

## B

Mr. Suarez also brought claims based on the School Board's failure to hire him for the Magnet Social Studies position at the Young Creative Science Center (Counts 2 and 7). Dr. James Goode, the School District's manager of applications, forwarded Mr. Suarez's resume to the Young Center and emailed Mr. Suarez regarding the open position. A secretary at the Young Center also emailed Mr. Suarez inviting him for an interview once he submitted an application. Mr. Suarez did not timely submit an application for the open-

ing or contact the Young Center for an interview. After conducting interviews, the school hired Elizabeth Heidt, a 23–year–old Caucasian, for the position. Ms. Heidt taught as a substitute in that class, understood the program, was a social studies major, and interviewed well. According to Mr. Suarez, he did not open the email from the Young Center until after the position had been filled because it was sent to an email address he rarely checked.

Mr. Suarez failed to establish a *prima facie* case of discrimination as to Counts 2 and 7, under Title VII and the ADEA, because he did not apply for the Magnet Social Studies position at the Young Creative Science Center. *See Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1275 (11th Cir.2002) ("The application requirement is important to establishing th[e] presumption [of discrimination] because it shows that the decision-maker knew about the plaintiff and the plaintiff's interest in the position."). Although Mr. Suarez argues that sending the invitation to his secondary email address was a conspiracy to discriminate against him, he offers no evidence to support this claim and it does not rebut the School Board's legitimate non-discriminatory reasons for failing

---

1. We recognize that we have previously held, in cases where plaintiffs presented substantial evidence of discriminatory animus beyond mere age difference, that a smaller age difference was sufficient to meet the "substantially younger" element of the ADEA *prima facie* case. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999) (holding that a 37–year–old was "substantially younger" than a 42–year–old plaintiff); *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir.1997) (holding that a 39–year–old was "substantially younger" than a 42–year–old). But we agree with the district court that, in this case, Mr. Suarez failed to create an inference of discrimination because a six-year age difference, without more, does not establish that Mr. Suarez's age was the

but-for cause of the School Board's failure to hire him. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) ("The prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion."). *See also Steele v. United States VA*, 2011 WL 2160343, at *10 (M.D.Fla. June 1, 2011) (concluding that a 13–year age difference, without more, is insufficient to meet this standard); *Matthews v. City of Dothan*, 2006 WL 3742237, at *12 (M.D.Fla. Dec. 18, 2006) (ruling that a six-year age difference was insufficient to create an inference of age discrimination, when no other evidence of discriminatory animus was present).

to hire him. We conclude, therefore, that summary judgment was properly granted in favor of the School Board on Counts 2 and 7.

## C

■ Mr. Suarez challenges the decision not to hire him for positions teaching Spanish at Farrell Middle School (Count 3) and Strawberry Crest High School (Count 9). The School Board argued that Mr. Suarez could not show intentional discrimination or pretext because he lacked the qualifications for the Spanish-teaching positions at both schools. Although Mr. Suarez is a native Spanish speaker, he lacked a foreign language degree, foreign language teaching experience, and a Spanish teaching certification. The candidates who were hired for the positions had these qualities, and the candidate selected to teach at Strawberry was also Hispanic (and thus not outside Mr. Suarez's protected class). Mr. Suarez's conclusory assertions related to his "outstanding academic and work experience all over the world" are not sufficient to rebut the School Board's legitimate, non-discriminatory reasons for hiring other candidates. *See Chapman*, 229 F.3d at 1030 (explaining that a plaintiff "must meet [the proffered] reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason"). Because Mr. Suarez failed to make out a *prima facie* case and/or show pretext, we find no genuine issue of material fact. The School Board was entitled to judgment as a matter of law as to Counts 3 and 9.

## D

■ Mr. Suarez challenges the failure to hire him for an International Baccalaureate position at Robinson High School (Count 6). The School Board acknowledged that Mr. Suarez interviewed for the position after filling out a magnet application. It was clear from his application, however, that he was not the best candidate to teach a deep philosophical course, as the position required. His application included numerous errors, as well as incomplete or nonresponsive answers. In his interview, he was abrasive, interrupted his interviewers, showed poor communication skills, demonstrated a lack of understanding of the IB program, and gave unsatisfactory answers. He had no background in philosophy or anthropology, and he did not have experience teaching in an IB program. Because of these issues, Mr. Suarez received a magnet screening score of 1 out of 5. The candidate who was hired for the position majored in anthropology and, during her interview, demonstrated a thorough understanding of the material and a clear grasp on how to effectively teach the course.

The district court did not err in granting summary judgment on Count 6 because Mr. Suarez's low score in a magnet screening evaluation—which was based on his poor performance in a screening interview, his lack of credentials, and his unsatisfactory application answers—was a legitimate, non-discriminatory reason for not hiring him. Mr. Suarez's own conclusions regarding his skills and experience did not rebut the School Board's proffered justifications. Because Mr. Suarez failed to present evidence tending to show that the School Board's reliance on this evaluation was a pretext for discrimination, that argument is not persuasive.

## E

Finally, Mr. Suarez claimed that he was denied an English Language Learner position at Riverview High School (Count 8) because of his race, national origin, and age. But Mr. Suarez failed to establish that he was qualified to teach in the En-

glish Language Learners program because he did not have the requisite certification for that position. The candidate who was given the position had taught ELL before, was certified, and interviewed well. Mr. Suarez only offered his own conclusions about his experience, but did not show evidence of pretext or discrimination. Accordingly, summary judgment on this claim was also properly granted.

## IV

Mr. Suarez either failed to offer evidence to establish a *prima facie* case or demonstrate pretext (or both) for each of his claims. We readily conclude that all of the School Board's proffered reasons for its hiring decisions were legitimate and non-discriminatory. Mr. Suarez presented no evidence to the district court to suggest that these reasons are unworthy of belief or merely pretext. There was no evidence, for example, showing that the reasons were factually baseless or insufficient to motivate the School Board's hiring decisions. Indeed, Mr. Suarez failed to support any of his assertions with citations to affidavits, documents, emails, or any other evidence that responded to the evidence introduced by the School Board, as is required by Rule 56(c). Mr. Suarez's appellate brief, even liberally construed, also fails to challenge the School Board's non-discriminatory justifications. We find, therefore, that summary judgment was appropriate as to all of Mr. Suarez's claims.

We affirm the district court's grant of the School Board's motion for summary judgment.

**AFFIRMED.**